IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

BENCH WALK LIGHTING LLC,

*Plaintiff*,

v.

OSRAM SYLVANIA, INC.; OSRAM
LICHT AG; OSRAM GMBH; OSRAM
OPTO SEMICONDUCTORS GMBH
& CO.; OSRAM OPTO
SEMICONDUCTORS, INC.; LEDVANCE
GMBH; LEDVANCE LLC; LED ENGINE,
INC.

*Defendants*.

C.A. No. 18-1732-RGA

**DEFENDANTS OSRAM SYLVANIA, INC., OSRAM OPTO SEMICONDUCTORS, INC.
AND LEDVANCE LLC'S OPENING BRIEF IN SUPPORT OF THEIR PARTIAL
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6)**

OF COUNSEL:

Srikanth K. Reddy
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000

Neel Chatterjee
GOODWIN PROCTER LLP
601 Marshall Street
Redwood City, CA 94063
(650) 752-3100

Dated: May 24, 2019

John W. Shaw (No. 3362)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
nhoeschen@shawkeller.com
jshaw@shawkeller.com

*Attorney for OSRAM Sylvania, Inc.;
OSRAM Opto Semiconductors, Inc.;
and LEDVANCE LLC*

# TABLE OF CONTENTS

I.      NATURE AND STAGE OF THE CASE .......................................................................... 1

II.     INTRODUCTION AND SUMMARY OF ARGUMENT ............................................ 1

III.    LEGAL STANDARD .................................................................................................... 4

IV.     THE COMPLAINT DOES NOT STATE A PLAUSIBLE CLAIM FOR INDIRECT
        INFRINGEMENT ........................................................................................................... 4

V.      PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM FOR WILLFUL
        INFRINGEMENT ON ALL COUNTS ......................................................................... 8

        A.      The Complaint Does Not State a Claim for Pre-suit Willful Infringement ..... 9

        B.      The Complaint Does Not State a Claim for Post-suit Willful Infringement . 11

VI.     COUNTS 1, 2, 3, 4, 8, 10 AND 14 OF PLAINTIFF'S COMPLAINT FAIL TO
        PLEAD A PLAUSIBLE CLAIM OF DIRECT PATENT INFRINGEMENT ......... 12

        A.      Counts 1, 3 and 4 Do Not State a Plausible Claim for Relief Because BWL
                Relies of Alleged Features from Multiple Products to Show Infringement and
                Merely States that Each Limitation is Present Without Any Evidence ......... 14

                1.  Count 1 Does Not State a Plausible Claim for Relief ................................. 15

                2.  Count 3 Does Not State a Plausible Claim for Relief ................................. 16

                3.  Count 4 Does Not State a Plausible Claim for Relief ................................. 18

        B.      Count 2 Does Not State a Plausible Claim ....................................................... 19

        C.      Count 8 Does Not State a Plausible Claim ....................................................... 19

        D.      Count 10 Does Not State a Plausible Claim ..................................................... 20

        E.      Count 14 Does Not State a Plausible Claim ..................................................... 20

VII.    CONCLUSION ............................................................................................................. 20

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Addiction & Detoxification Inst. L.L.C. v. Carpenter,*
  620 F. App'x 934 (Fed. Cir. 2015) ...........................................................................6

*Ashcroft v. Iqbal,*
  556 U.S. 662 (2009).................................................................................... *passim*

*Atlas IP, LLC v. Exelon Corp.,*
  189 F. Supp. 3d 768 (N.D. Ill. 2016), *aff'd sub nom. Atlas IP, LLC v.*
  *Commonwealth Edison Co.*, 686 F. App'x 921 (Fed. Cir. 2017) ...........................................12

*Bell Atl. Corp. v. Twombly,*
  550 U.S. 544 (2007)................................................................................................1, 2

*Callwave Comm's LLC v. AT&T Mobility LLC,*
  C.A. No. 12-1701-RGA, 2014 WL 5363741 (D. Del. Jan. 28, 2014) ......................2, 3, 10, 11

*Chalumeau Power Sys. LLC v. Alcatel–Lucent,*
  C.A. No. 11-1175-RGA, 2012 WL 6968938 (D. Del. July 18, 2012)....................................10

*Disc Disease Sols. Inc. v. VGH Sols., Inc.,*
  888 F.3d 1256 (Fed. Cir. 2018)............................................................................13

*Document Security Systems, Inc. v. OSRAM GmbH, OSRAM Opto*
  *Semiconductors GMBH & Co., OSRAM Licht AG, and OSRAM Sylvania Inc.,*
  Case No. 2:17-cv-05184-JVS-JCG (July 13, 2017 C.D. Cal.) ..................................9

*Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.,*
  C.A. No. 18-098-MN, 2018 WL 6629709 (D. Del. Dec. 19, 2018) ........................6

*e.Digital Corp. v. iBaby Labs, Inc.,*
  C.A. No. 15-05790-JST, 2016 WL 4427209 (N.D. Cal. Aug. 22, 2016) .................3

*Election Sys. & Software, LLC v. Smartmatic USA Corp.,*
  C.A. No. 18-1259-RGA, 2019 WL 1040541 (D. Del. Mar. 5, 2019)...............................13, 14

*FO2GO LLC v. KeepItSafe, Inc.,*
  C.A. No. 18-807-RGA, 2019 WL 1615398 (D. Del. Apr. 16, 2019) ......................4

*Genedics, LLC v. Meta Co.,*
  C.A. No. 17-1062-CJB, 2018 WL 3991474 (D. Del. Aug. 21, 2018) .....................13

*Groove Digital, Inc. v. King.com, Ltd.*,
    C.A. No. 18-00836-RGA, 2018 WL 6168615 (D. Del. Nov. 26, 2018)................................11

*IPVenture Inc. v. Lenovo Group Ltd. et al.*,
    C.A. No. 11-588-RGA, 2013 WL 126276 (D. Del. Jan. 8, 2013) ............................................9

*KOM Software Inc. v. NetApp, Inc.*,
    C.A. No. 1:18-CV-00160-RGA, 2018 WL 6167978 (D. Del. Nov. 26, 2018)......................14

*Lyda v. CBS Corp.*,
    838 F.3d 1331 (Fed. Cir. 2016)..............................................................................................3

*M2M Sol'ns LLC v. Telic Comm's PLC*,
    C.A. No. 14-1103-RGA, 2015 WL 4640400 (D. Del. Aug. 5, 2015)...............................2, 4, 8

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
    545 U.S. 913 (2005)................................................................................................................8

*MONEC Holding AG v. Motorola Mobility, Inc.*,
    897 F.Supp.2d 225 (D. Del. 2012) ......................................................................................7, 9

*Neology Inc. v. Kapsch Trafficcom IVHS, Inc.*,
    C.A. No. 13-2052-LPS, 2014 WL 4675316 (D. Del. Sep. 19, 2014) ......................................7

*Network Managing Sols., LLC v. AT&T Inc.*,
    C.A. No. 16-CV-295-RGA, 2017 WL 472080 (D. Del. Feb. 3, 2017)..................................12

*Philips v. ASUSTeK Comput. Inc.*,
    C.A. No. 15-1125-GMS, 2016 WL 6246763 (D. Del. Oct. 25, 2016) ............................14, 15

*Promos Techs., Inc. v. Samsung Elecs. Co.*,
    C.A. No. 18-307-RGA, 2018 WL 5630585 (D. Del. Oct. 31, 2018)......................................12

*Raindance Techs., Inc. v. 10x Genomics, Inc.*,
    C.A. No. 15-152-RGA, 2016 WL 927143 (D. Del. Mar. 4, 2016)...............................2, 12, 13

*In re Rockefeller Ctr. Properties, Inc. Sec. Litig.*,
    311 F.3d 198 (3d Cir. 2002).................................................................................................15

*SIPCO, LLC v. Streetline, Inc.*,
    230 F. Supp. 3d 351 (D. Del. 2017).......................................................................................14

*Spherix Inc. v. Cisco Sytems, Inc.*,
    C.A. No. 14-393-SLR, 2015 WL 1517435 (D. Del. Mar. 31, 2015)......................................10

*Takeda Pharm. U.S.A., Inc. v. West-Ward Pharm. Corp.*,
   785 F.3d 625 (Fed. Cir. 2015)..................................................................................................7

*Uniloc USA, Inc. v. Apple Inc.*,
   C.A. No. 18-00359-WHA, 2018 WL 2047553 (N.D. Cal. May 2, 2018) .................................8

*Unisone Strategic IP, Inc. v. Life Techs. Corp.*,
   C.A. No. 13-1278-GPC-JMA, 2013 WL 5729487 (S.D. Cal. Oct. 22, 2013) .........................7

*Valinge Innovation AB v. Halstead New England Corp.*,
   C.A. No. 16-1082-LPS-CJB, 2018 WL 2411218 (D. Del. May 29, 2018) ..............................9

*Versata Software, Inc. v. Cloud9 Analytics, Inc.*,
   C.A. No. 12-925-LPS, 2014 WL 631517 (D. Del. Feb. 18, 2014) ..........................................6

*Vita-Mix Corp. v. Basic Holding, Inc.*,
   581 F.3d 1317 (Fed. Cir. 2009)...............................................................................................7

## Other Authorities

Fed. R. Civ. P. 12(b)(6)...............................................................................................................1, 4

Fed. R. Civ. P. 8 .........................................................................................................................1, 6

## I.      NATURE AND STAGE OF THE CASE

On November 2, 2018, Plaintiff Benchwalk Lighting LLC ("Plaintiff" or "BWL") sued

Defendants[1] alleging infringement of 14 patents covering light emitting diode ("LED") devices.

(D.I. 1.)  On May 10, 2019, BWL filed a first amended complaint ("Complaint").[2]  (D.I. 13)

Defendants move to dismiss all of BWL's claims for indirect infringement and willful

infringement and 7 of BWL's 14 claims for direct infringement under Fed. R. Civ. P. 12(b)(6).

## II.     INTRODUCTION AND SUMMARY OF ARGUMENT

BWL's claims for indirect and willful infringement and 7 of its 14 claims for direct

infringement should be dismissed because the Complaint contains nothing more than

unsubstantiated statements that such infringement is present with no evidentiary basis.[3]  Plaintiff

alleges that 14 exemplary and unknown "other substantially similar" products directly infringe

the patents-in-suit, that Defendants induce others to infringe all 14 asserted patents, and that

Defendants are liable for pre-suit willful infringement as to 11 asserted patents and for post-suit

willful infringement as to all 14 asserted patents.  But in nearly every instance, BWL's

allegations contain nothing more than bare assertions that there is infringement with no facts or

evidence pled in support.  As recognized by the Supreme Court in *Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 557 (2007), this court and others, such pleading does not satisfy Rule 8.

To survive a motion to dismiss, a complaint for patent infringement must contain

"allegations plausibly suggesting (not merely consistent with)" infringement of every element of

at least one of the patent's claims.  *Id*.  The "practical significance" for this requirement is to

---

[1]Only OSRAM Sylvania, Inc.; OSRAM Opto Semiconductors, Inc.; and LEDVANCE LLC (collectively, "Defendants") have been served with the complaint.
[2] In their original complaint (D.I. 1), BWL alleged that over 250 products directly infringe the asserted patents.
[3] The 14 asserted patents include 173 claims.

expose deficient pleadings "at the point of minimum expenditure of time and money by the parties and the court." *Id.* at 557-58. (internal quotations omitted). "It is no answer to say that a claim just shy of a plausible entitlement to relief can, if groundless, be weeded out early in the discovery process through 'careful case management.'" *Twombly*, 550 U.S. at 559 (citations omitted). This is precisely the type of case that *Twombly* and its progeny were designed to prevent. BWL blanketly asserts direct, indirect and willful infringement of 14 patents without any support. *Id.*; *see also Raindance Techs., Inc. v. 10x Genomics, Inc.*, C.A. No. 15-152-RGA, 2016 WL 927143, at *1, *2 (D. Del. Mar. 4, 2016).

For example, BWL's induced infringement claims should be dismissed at least because the Complaint lacks any plausible facts to demonstrate Defendants' knowledge that any third party's acts constitute direct infringement. Moreover, the Complaint fails to specify which of the eight defendants are said to have induced others to infringe the asserted patents. Just as this court dismissed induced infringement claims on nearly identical pleadings in *M2M Sol'ns LLC v. Telic Comm's PLC*, C.A. No. 14-1103-RGA, 2015 WL 4640400, at *4 (D. Del. Aug. 5, 2015), BWL's inducement claims should be dismissed here.

Likewise, BWL's claims for willful infringement (both pre-suit and post-suit) should be dismissed because the Complaint contains no facts to plausibly support a conclusion that Defendants (i) knew of the patents-in-suit, (ii) infringed after acquiring that knowledge or (iii) knew or should have known that they were infringing the patents. At most, the Complaint alleges that, on six infringement counts, patents related to the asserted patents were cited during prosecution of patent applications assigned to Defendant OSRAM Opto Semiconductors GmbH in Europe, and that, on eleven infringement counts, a few defendants were sued on patents by a different non-practicing entity with the "same assignor" as the asserted patents. But as this court

held in *Callwave Comm's LLC v. AT&T Mobility LLC*, C.A. No. 12-1701-RGA, 2014 WL 5363741, at *2 (D. Del. Jan. 28, 2014), such facts do not state a claim for willful patent infringement.  And this Court's holding in *Callwave* precludes BWL from asserting willful infringement based solely on conduct post-dating the filing of the original complaint.

Finally, with respect to direct infringement allegations on Counts 1, 2, 3, 4, 8, 10, and 14, Plaintiff's Complaint must provide sufficient factual basis to reasonably imply that the accused products or methods infringe, not some, but *all* elements of the asserted claim.  *See Lyda v. CBS Corp.*, 838 F.3d 1331, 1338-39 (Fed. Cir. 2016).  Plaintiff's Complaint should be dismissed because BWL has either failed to plead facts demonstrating that a single accused product practices every limitation in a claim (e.g., BWL bases its infringement claim on annotated images from *two or more different products*) or failed to include any evidence or argument as to how every limitation is present in a single accused product.  Indeed, in many instances, BWL simply identifies an accused product by name, parrots the claim language, and provides purported images of an exemplary product arbitrarily annotated by Plaintiff to show alleged infringement of a representative asserted claim.  But for at least one limitation as to each of those 7 patents, BWL's allegations of infringement consist of nothing more than "bare assertions," that "amount to nothing more than a 'formulaic recitation of the elements' of a [patent infringement] claim."  *Iqbal*, 556 U.S. at 681.  Such assertions "are conclusory and not entitled to be assumed true."  *Id*.  Hence, Plaintiff's Complaints do not state a plausible claim for direct patent infringement in Counts 1, 2, 3, 4, 8, 10, and 14, and those Counts in its Complaint should be dismissed.[4]

---

[4] BWL is "required to perform an adequate pre-filing investigation before bringing suit." *e.Digital Corp. v. iBaby Labs, Inc.*, C.A. No. 15-05790-JST, 2016 WL 4427209, at *4 (N.D. Cal. Aug. 22, 2016).  By simply copying the claim language and including arbitrarily annotated

## III.    LEGAL STANDARD

A complaint must include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570) (emphasis added).  Each element of the plaintiff's claim must be plausibly alleged in the complaint, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id.* at 678.

## IV.    THE COMPLAINT DOES NOT STATE A PLAUSIBLE CLAIM FOR INDIRECT INFRINGEMENT

Plaintiff's indirect infringement allegations should be dismissed because the Complaint does not include facts alleging that Defendants had knowledge that its customer would infringe, committed specific acts to induce others to infringe, had the specific intent to induce *infringement*, or identify the specific Defendants who committed the acts of inducement.

To adequately plead induced infringement, the patentee "must show direct infringement, and that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement."[5] *M2M Sols.*, 2015 WL 4640400, at *3.  Thus, "[t]o survive a motion to dismiss under Rule 12(b)(6), a plaintiff must plead facts 'plausibly showing that [the alleged infringer] specifically intended [a third party] to infringe [the patent-in-suit] and knew that the [third party's] acts constituted infringement.'"  *Id.* (quoting *In re Bill of Lading Transmission & Processing Sys. Patent Lit.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012).  To satisfy the "'knowingly induced' element, the complaint must allege the defendant had knowledge of the patent and knew that the induced acts constituted patent infringement."  *FO2GO LLC v.*

_____

product images that do not encompass all claim elements, it appears as though BWL has filed its complaint without sufficient pre-filing investigation.  BWL's deficient pleadings are particularly egregious given that the accused products are publicly available at low cost.
[5]To the extent that direct infringement has not been sufficiently pled, the induced infringement allegations also fail.

*KeepItSafe, Inc.*, C.A. No. 18-807-RGA, 2019 WL 1615398, at \*3 (D. Del. Apr. 16, 2019).

Plaintiff's induced infringement allegations consists solely of two-paragraphs copied

across all fourteen Counts:

> Defendants are knowingly inducing their customers and/or end users to directly infringe the [asserted] Patent, with the specific intent to encourage such infringement, and knowing that the induced acts constitute patent infringement, either literally or equivalently.
>
> Defendants' inducement includes, for example, providing data sheets, technical guides, demonstrations, software and hardware specifications, installation guides, and other forms of support that induce their customers and/or end users to directly infringe the [asserted] patent. The [asserted patent's] Accused Products are *designed in such a way that when they are used for their intended purpose, the user infringes* the [asserted] Patent, either literally or equivalently. Defendants *know and intend* that customers that purchase the [asserted patent's] Accused Products will use those products *for their intended purpose*. For example, Defendant's United States website: https://www.osram.com/os/, instructs customers to use the [asserted patent's] Accused Products in numerous infringing applications. In addition, Defendants *specifically intend that their customers*, such as United States distributors, retailers and consumer product companies, *will import, use, and sell* infringing products in the United States in order to serve and develop the United States market for Defendants' infringing products.[6]

(emphasis added). These allegations do not state a plausible basis for indirect infringement. The

first paragraph merely recites the elements of an inducement claim. The second paragraph

alleges no facts to support an assertion that Defendants have or ever had the requisite knowledge

or specific intent to cause infringement of the asserted patents.

Moreover, the specific factual assertions in the second paragraph above do not state a

claim for inducing others to infringe. BWL alleges that Defendants provide unspecified guides

and support materials that induce infringement, that the accused products are designed such that

---

[6] *See* D.I. 13 ¶¶ 42, 43 (Count 1); ¶¶ 61, 62 (Count 2); ¶¶ 81, 82 (Count 3); ¶¶ 103, 104 (Count 4); ¶¶ 127, 128 (Count 5); ¶¶ 152, 153 (Count 6); ¶¶ 174, 175 (Count 7); ¶¶ 196, 197 (Count 8); ¶¶ 216, 217 (Count 9); ¶¶ 241, 242 (Count 10); ¶¶ 264, 265 (Count 11); ¶¶ 288, 289 (Count 12); ¶¶ 315, 316 (Count 13); and ¶¶ 340, 341 (Count 14).

they can be used in an infringing manner, that Defendants "know and intend" that customers will use the products "for their intended purpose," and that Defendants "specifically intend that their customers" will "import, use, and sell" the accused products. *See supra* note 6. That is not enough to state a claim for induced infringement, as explained below.

First, the Complaint does not allege any facts as to knowledge of infringement. Rather, BWL alleges only that Defendants "know[] that the induced acts constitute patent infringement, either literally or equivalently," and "know" that customers will use the accused products for their "intended purposes." Such a "formulaic recitation of the elements of an inducement claim" is not enough to pass muster under Rule 8. *Dodots Licensing Sols. LLC v. Lenovo Holding Co., Inc.,* C.A. No. 18-098-MN, 2018 WL 6629709, at *4 (D. Del. Dec. 19, 2018); *see also Versata Software, Inc. v. Cloud9 Analytics, Inc.*, C.A. No. 12-925-LPS, 2014 WL 631517, at *4 (D. Del. Feb. 18, 2014) ("Simply identif[ying] the accused products and generically alleg[ing] that their use somehow infringes the asserted patents" is not enough to plead the knowledge required for induced infringement."), *report and recommendation adopted,* C.A. No. 12-925-LPS, 2014 WL 1091751 (D. Del. Mar. 14, 2014). It is at least clear that "[t]here are no factual allegations that suggest Defendants possessed the requisite knowledge of infringement of any of the Patents-in-Suit prior to filing the original complaint," and as the pleading does not distinguish between pre-suit and post-suit conduct, the claims should be dismissed for that reason alone. *See Dodots*, 2018 WL 6629709, at *4 (dismissing induced infringement claims where plaintiff alleged that "Defendants induce infringement . . . with knowledge of the Patents-in-Suit and their customers' infringement of them" and "Defendants are on notice" of each of the Patents-in-Suit).[7]

---

[7] *Accord Addiction & Detoxification Inst. L.L.C. v. Carpenter*, 620 F. App'x 934, 938 (Fed. Cir. 2015) ("The Original Complaint contains no allegations regarding intent or any specific acts caused by Defendants.").

Second, the claims fail to plead facts showing that Defendants possess or possessed the requisite specific intent to induce infringement.  Alleging in a generic manner that Defendants provide "data sheets, technical guides, demonstrations, software and hardware specifications, installation guides, and other forms of support" to their customers is not enough to plead specific intent, even assuming the truth of Plaintiff's allegation that the accused products "are designed in such a way that when they are used for their intended purpose, the user infringes."  *See supra* note 6.  That a product may be used in an infringing manner is not sufficient to establish intent. *See Takeda Pharm. U.S.A., Inc. v. West-Ward Pharm. Corp.*, 785 F.3d 625, 630 (Fed. Cir. 2015) ("Infringement only exists where there is evidence that goes beyond a product's characteristics or the knowledge that it may be put to infringing uses.") (internal quotation marks and citation omitted).  Nor is mere awareness of third party infringement sufficient.  *Vita-Mix Corp. v. Basic Holding, Inc.*, 581 F.3d 1317, 1328 (Fed. Cir. 2009) ("the mere knowledge of possible infringement will not suffice" to establish an intent to cause others to infringe).

Similarly, it is not enough to allege that Defendants provide support material for the accused products or intend that customers will "import, use, and sell" the accused products. Allegations that "merely indicate that Defendant provides instruction, technical support, and training for using its own [product]" do not allow a court to "infer that Defendant had the specific intent to induce others to infringe."  *Unisone Strategic IP, Inc. v. Life Techs. Corp.*, C.A. No. 13-1278-GPC-JMA, 2013 WL 5729487, at *3 (S.D. Cal. Oct. 22, 2013).  As this Court has previously held, "[a]llegations of the marketing activities of the Defendants do not, on their own, demonstrate that Defendants knew such activities were infringing or that Defendants possessed the specific intent to encourage another's infringement."  *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F.Supp.2d 225, 234 (D. Del. 2012); *see also Neology Inc. v. Kapsch*

*Trafficcom IVHS, Inc.*, C.A. No. 13-2052-LPS, 2014 WL 4675316 at *6 (D. Del. Sep. 19, 2014) (recognizing that "assertions that a defendant provided unspecified 'training and instructions to its customers concerning the use of the Accused Products' are not specific enough . . . and simply begs the question: 'Provided' training and instructions' as to what?'").[8]

In the analogous context of copyright infringement, the Supreme Court has made clear that "ordinary acts incident to product distribution, such as offering customers technical support or product updates," which is all that Plaintiff alleges here, cannot support a claim for inducement. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 937 (2005). "The inducement rule, instead, premises liability on purposeful, culpable expression and conduct, and thus does nothing to compromise legitimate commerce or discourage innovation having a lawful promise." *Id.*

Finally, Plaintiff's allegations are defective for the independent reason that they fail to identify which Defendant(s) allegedly induced infringement.  Plaintiff's induced infringement claims can be dismissed on this basis alone.  *See M2M Sols.*, 2015 WL 4640400, at *4 ("When articulating certain of its inducement allegations, the plaintiff has to identify which particular Defendant or Defendants are said to have disseminated the training or instructional materials at issue.") (internal quotation marks omitted) (quoting *Neology*, 2014 WL 4675316 at *7).

## V.    PLAINTIFF FAILS TO STATE A PLAUSIBLE CLAIM FOR WILLFUL INFRINGEMENT ON ALL COUNTS

Because the Complaint fails to state a claim for either pre-suit or post-suit willful infringement, BWL's willful infringement claims as to all asserted patents should be dismissed.

---

[8] *See also Uniloc USA, Inc. v. Apple Inc.*, C.A. No. 18-00359-WHA, 2018 WL 2047553, at *5 (N.D. Cal. May 2, 2018) (noting "vague and conclusory allegations [about generic Apple materials and websites] say nothing about what specific material or site content allegedly induces infringement, or how").

"[A] plaintiff must allege facts plausibly showing that, as of the filing date, the accused infringer: (1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Valinge Innovation AB v. Halstead New England Corp.*, C.A. No. 16-1082-LPS-CJB, 2018 WL 2411218, at *13 (D. Del. May 29, 2018).

### A.      The Complaint Does Not State a Claim for Pre-suit Willful Infringement

Neither of the two facts alleged in the complaint state a basis for pre-suit willful infringement for the eleven patents where such infringement is alleged.

First, as to Counts 1-8 and 10-12, BWL alleges "Defendants became aware of Plaintiff's patent portfolio as early as July 2017" from a prior "lawsuit alleging infringement of several related patents" that had the "same assignor as the [asserted patent.]."[9]  Put another way, BWL alleges Defendants willfully infringe eleven asserted patents here because *some* Defendants[10] were previously sued by a *different non-practicing entity* who asserted infringement of four patents originally assigned by the inventors to the same company about 15 years ago.[11]  No court has ever found a defendant liable for willful infringement based on such evidence or similar circumstantial evidence of knowledge.  *See, e.g., MONEC*, 897 F. Supp. 2d at 232 ("This court has not been convinced of the sufficiency of pleadings charging knowledge that is based upon a defendant's participation in the same market, media publicity and unrelated litigation by the

---

[9] *See* D.I. 1 ¶ 39 (Count 1); ¶ 58 (Count 1); ¶ 78 (Count 3); ¶ 100 (Count 4); ¶ 124 (Count 5); ¶ 149 (Count 6); ¶ 171 (Count 7); ¶ 193 (Count 8); ¶ 238 (Count 10); ¶ 261 (Count 11); ¶ 285 (Count 12).

[10] *Document Security Systems, Inc. v. OSRAM GmbH, OSRAM Opto Semiconductors GMBH & Co., OSRAM Licht AG, and OSRAM Sylvania Inc.*, Case No. 2:17-cv-05184-JVS-JCG (July 13, 2017 C.D. Cal.) ("the *DSS* case").

[11] A cursory inspection of the face of the patents-in-suit here (which show that the patents are not related to any other patents) reveals that BWL's allegation that such patents are "related" to patents asserted in the *DSS* case is demonstrably false.

defendant's competitors concerning the relevant patent."); *see also IPVenture Inc. v. Lenovo Group Ltd. et al.*, C.A. No. 11-588-RGA, 2013 WL 126276, at *4-5 (D. Del. Jan. 8, 2013) ("At most, the factual allegations plausibly support the conclusion that both the Plaintiff and [defendant] had patents in the [same relevant field], but there is nothing factual to plausibly support the conclusion that Defendants [willfully infringed the asserted patents].").

Second, as to Counts 1, 5, 7, 8, 11 and 12, BWL alleges knowledge of the asserted patents based on foreign "prosecution activities" where other patents from the same original assignor were cited including (i) "the prosecution of OSRAM's German patent application . . . [that] cites European Patent Application . . . of the [asserted] patent family" (D.I. 13 ¶ 38 (Count 1)); (ii) "the prosecution of OSRAM's U.S. patent . . . [that] cites the [asserted] Patent family" (*id*. at ¶ 122 (Count 5)); (iii) "prosecution of OSRAM's German patent application [that] cites U.S. patent application . . . of the [asserted] patent family" (*id*. at ¶ 170 (Count 7); and (iv) "prosecution of OSRAM's German patent application . . . [that] cites the [asserted] Patent family" (*id*. at ¶ 192 (Count 8); ¶ 260 (Count 11); ¶ 284 (Count 12)).

As this court and many other courts have recognized, allegations that a defendant had the requisite knowledge for willful infringement based on citations to even the asserted patents during patent prosecution are "insufficient to support an allegation of willfulness." *See, e.g., Callwave*, 2014 WL 5363741, at *2 (finding allegation that "Google had knowledge of one of the patents . . . as evidenced by citation to the patent in multiple Information Disclosure Statements relating to Google patents" insufficient to plead willful infringement); *see also Spherix Inc. v. Cisco Sytems, Inc.*, C.A. No. 14-393-SLR, 2015 WL 1517435, at *2 (D. Del. Mar. 31, 2015) (same); *Chalumeau Power Sys. LLC v. Alcatel–Lucent*, C.A. No. 11-1175-RGA, 2012 WL 6968938, at *1 (D. Del. July 18, 2012) (same).

Plaintiff's willful infringement allegations fail for an additional reason because Plaintiff does not differentiate between Defendants and alleges no facts to show alleged knowledge of asserted patents by any one Defendant through its prosecution activities should be imputed to any other Defendant.  *See Chalumeau*, 2012 WL 6968938, at *1.

Therefore, Plaintiff's Complaint fails to sufficiently state a claim for pre-suit willful infringement as to Counts 1-8 and 10-12.

### B.      The Complaint Does Not State a Claim for Post-suit Willful Infringement

BWL's claims for willful infringement based on post-suit conduct should be dismissed because the Complaint fails to state any basis for relief.

On Counts 9, 13, and 14, Plaintiff relies solely on post-suit knowledge to plead willful infringement as follows: "Defendants have actual knowledge of the [asserted] Patent at least as of service of this Complaint."[12]  This lacks the requisite "allegations of pre-filing willful conduct."  *See Groove Digital, Inc. v. King.com, Ltd.*, C.A. No. 18-00836-RGA, 2018 WL 6168615, at *3 (D. Del. Nov. 26, 2018) ("The complaint alleges only post-filing knowledge of the alleged infringement.  Thus, it fails to meet the pleading standard for willful infringement which requires allegations of willful conduct prior to the filing to the claim.").  As this court noted in *Callwave*:

> Given what the Federal Circuit has said about an injunction generally being the preferred remedy for post-filing "reckless" conduct, and recognizing that some plaintiffs- generally, non-competitors- may not be able to seek an injunction, it seems to me the better course is generally not to allow allegations of willfulness based solely on conduct post-dating the filing of the original complaint.

*Callwave*, 2014 WL 5363741, at *2.  Here, the Complaint states no basis for post-suit willful infringement other than that Defendants now have knowledge of the patents.  But as this court

---

[12] *See* D.I. 1 ¶ 55 (Count 2); ¶ 74 (Count 3); ¶ 96 (Count 4); ¶ 118 (Count 5); ¶ 144 (Count 6); ¶ 206 (Count 9); ¶ 230 (Count 10); ¶ 302 (Count 13); ¶ 327 (Count 14).

has repeatedly held, such a statement fails to sufficiently state a claim for willful infringement.

## VI.   COUNTS 1, 2, 3, 4, 8, 10 AND 14 OF PLAINTIFF'S COMPLAINT FAIL TO PLEAD A PLAUSIBLE CLAIM OF DIRECT PATENT INFRINGEMENT

Plaintiff's direct infringement claims as to 7 patents should be dismissed because the Complaint fails to include factual allegations to plausibly support a claim that the identified accused products infringes each limitation in at least one asserted claim.

In patent infringement cases, the "plaintiff must go beyond merely copying the language of a claim element, and then baldly stating (without more) that an accused product has such an element to assert a plausible claim for infringement." *Promos Techs., Inc. v. Samsung Elecs. Co.*, C.A. No. 18-307-RGA, 2018 WL 5630585, at *4 (D. Del. Oct. 31, 2018) (internal quotation omitted). "There needs to be some facts alleged that articulate why it is plausible that the other party's product infringes that patent claim . . . ." *Id.* "[F]actual allegations that do not permit a court to infer that the accused product infringes *each* element of at least one claim are not suggestive of infringement – they are merely compatible with infringement." *Atlas IP, LLC v. Exelon Corp.*, 189 F. Supp. 3d 768, 775 (N.D. Ill. 2016), *aff'd sub nom. Atlas IP, LLC v. Commonwealth Edison Co.*, 686 F. App'x 921 (Fed. Cir. 2017) (citations omitted).

A complaint that alleges infringement "on information and belief" is particularly insufficient when the accused product is publicly available. *See Network Managing Sols., LLC v. AT&T Inc.*, C.A. No. 16-CV-295-RGA, 2017 WL 472080, at *1 (D. Del. Feb. 3, 2017) ("Saying on 'information and belief' that [publicly available] standards 'incorporate the fundamental technologies' covered by the patents, without more, is insufficient to plausibly allege" patent infringement).

This court's decision in *Raindance* is particularly apt. There, this court dismissed the complaint despite that it included "some diagrams and pictures" from defendant's promotional

materials, but "[i]t d[id] not appear . . . that [Plaintiff] ha[d] purchased one of Defendant's products to see how it actually works." *Raindance*, 2016 WL 927143, at \*1, \*2.  Here, like in *Raindance*, Plaintiff's Complaint uses an exemplary accused product, along with some images, which Plaintiff has annotated to identify purported claimed features, to show alleged infringement for a representative claim in Counts 1, 2, 3, 4, 8, 10, and 14.  But Plaintiff's Complaint copies the claim's language without pleading sufficient factual details about the accused product with respect to *each and every* claim limitation.  This does not set forth a plausible basis for infringement.

The Federal Circuit's decision in *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018) did not lower the pleading standard, but merely concluded that, in certain cases, identifying the accused products, for example, by name and pictures, could be sufficient to plead infringement.  *See also Election Sys. & Software, LLC v. Smartmatic USA Corp.*, C.A. No. 18-1259-RGA, 2019 WL 1040541, at \*2 (D. Del. Mar. 5, 2019) ("Plaintiff has pleaded sufficient facts that the final design would plausibly be infringing based upon [a sale proposal's] requested features").  However, the patents here "address[ing] technical problems in the prior art of LED devices"[13] are unlike those in *Disc Disease* "directed to an apparatus and method that were not unduly complex."  *See Genedics, LLC v. Meta Co.*, C.A. No. 17-1062-CJB, 2018 WL 3991474, at \*12 n. 15 (D. Del. Aug. 21, 2018) ("There can be little doubt, however, that the patents at issue here concern subject matter that is much more technologically sophisticated than in *Disc Disease*.  And so the Court should look to the factual allegations in the Complaint to discern whether plausible claims of infringement have been set out.").

---

[13] *See e.g.*, D.I. 1 ¶ 23 (Count 1), ¶ 46 (Count 2), ¶ 64 (Count 3), ¶ 174 (Count 8), ¶ 217 (Count 10), ¶ 239 (Count 11), and ¶ 311 (Count 14).

As discussed in greater detail below, on the 7 challenged patents, BWL merely states its own conclusion (that the accused products infringe) without any support. The court's reasoning in *SIPCO, LLC v. Streamline, Inc.*, 230 F. Supp. 3d 351, 353 (D. Del. 2017) applies with equal force here:

> Right now, Plaintiff makes two factual allegations. One, here are ten patents we own. Two, you sell some products, which we have identified. Plaintiff makes a legal conclusion, to wit, the sales of your products infringe out [*sic*] patents. This is insufficient to plausibly allege patent infringement. Clearly, Plaintiff could allege a lot more than it has, as no ethical lawyer would bring this lawsuit if the plaintiff could not allege more. Plaintiff does not have to allege everything it has, but it does have to write a complaint (construing the allegations in the light most favorable to the plaintiff) that makes it plausible to think a defendant has infringed at least one claim of any asserted patent.[14]

### A. Counts 1, 3 and 4 Do Not State a Plausible Claim for Relief Because BWL Relies of Alleged Features from Multiple Products to Show Infringement and Merely States that Each Limitation is Present Without Any Evidence

Because the Complaint does not demonstrate that any one product satisfies every limitation of at least one claim and because it pleads that limitations are present "[o]n information and belief" with no evidence or explanation, Counts 1, 3 and 4 should be dismissed.

A patent infringement complaint must include allegations that at least one product satisfies every limitation in at least one claim in each patent. *Philips v. ASUSTeK Comput. Inc.*, C.A. No. 15-1125-GMS, 2016 WL 6246763, at *4 (D. Del. Oct. 25, 2016). Here, BWL alleges infringement based on not one accused product, but multiple products each allegedly containing certain limitations.

---

[14] This Court's recent decisions denying motions to dismiss claims of direct infringement are distinguishable. For example, to allege plausible direct infringement, in *Election Sys.*, 2019 WL 1040541, at *2, plaintiff's complaint and pre-suit communications provided factual support identifying a "final design" offered by defendants in a sale proposal that included claimed features. Likewise, in *KOM Software Inc. v. NetApp, Inc.*, C.A. No. 1:18-CV-00160-RGA, 2018 WL 6167978, at *2 (D. Del. Nov. 26, 2018), the plaintiff pled specific facts in their amended complaint on the operation of the "infringing instrumentalities." Such facts are missing here.

### 1.   Count 1 Does Not State a Plausible Claim for Relief

While the Complaint nominally accuses the "OSTAR Headlamp Pro" of infringing claim 1 of the asserted patent, even a cursory examination shows that BWL relies on images annotated from two different products – the OSTAR Headlamp Pro and the OSLON Black Flat S (KW HLL531.TE) – as shown below:

 

Compl. ¶ 33.

BWL baldly states without any evidence (e.g., annotations to figures) that the "OSTAR Headlamp Pro comprises a light source for generating light that is collected by an optical system, said optical system accepting light leaving said light source within a predetermined acceptance angle relative to an axis defined in relation to said optical system." *Id*. Count 1 should be dismissed on this basis alone.  BWL also annotated a microscopic image of an "OSTAR Headlamp Pro" to show infringement of certain limitations in claim 1 (*id*. at ¶ 34) but then annotated an image from the OSLON Black Flat S (KW HLL531.TE) to show infringement of other limitations.  Thus, BWL has not shown infringement of any exemplary product.

Moreover, Plaintiff's arbitrary annotations to figures stating that the limitation is present cannot be a substitute for alleging "sufficient *factual matter*, accepted as true, to state a claim to relief that is plausible on its face" with respect to all claim elements.  *Iqbal*, 556 U.S. at 678 (internal quotations omitted) (emphasis added); *see also In re Rockefeller Ctr. Properties, Inc. Sec. Litig.*, 311 F.3d 198, 216 (3d Cir. 2002) ("[L]egal conclusions draped in the guise of factual

allegations may not benefit from the presumption of truthfulness.").  If merely annotating an image of an accused product with all elements of a claim, without any factual basis whatsoever for doing so, is enough to meet the plausibility standard, then it is no standard at all.

For example, with respect to the claim element requiring LEDs to be "mounted on a *reflective base* . . . said reflective base having a *reflective surface* in contact with said bottom surface of each of said LEDs" (emphasis added), Plaintiff relies on this image (D.I. 13, ¶ 34):



Plaintiff has annotated this image with different colored, broken lines to allege "reflective base" and "reflective surface" element.  But such annotations, absent facts tied to the product itself, are just conclusory allegations, which "are not entitled to be assumed true," *Iqbal*, 556 U.S. at 681.  Plaintiff has not provided any factual details about the OSTAR Headlamp Pro, such as its components parts, manufacturing process, design or operation to plausibly suggest that OSTAR Headlamp Pro has LEDs that are "mounted on a reflective base," which has "a reflective surface in contact" with the "bottom surface" of the LEDs.  BWL has not linked "reflective base" and "reflective surface" to any specific attribute of OSTAR Headlamp Pro.  Count 1 contains nothing more than conclusory allegations of infringement and must be dismissed.

### 2. Count 3 Does Not State a Plausible Claim for Relief

Count 3 does not state a plausible claim for relief because BWL relies on *three different products* to plead infringement of claim 1 of the '428 patent and it alleges infringement based "on information and belief" with no evidence or argument to demonstrate such infringement.

While BWL nominally alleges that the "Duris S5 White LED" infringes claim 1, the

Complaint includes annotated images from not less than three different products.  This is evident

from a cursory look at the lead frame on each device as shown in the annotated image below:



*See* Compl. ⁋⁋ 74, 76.

BWL relies on each of the three figures to show alleged infringement by the "Duris S5

White LED" of various limitations in claim 1.  For example BWL contends that the image on the

left shows that the accused product is a "light emitting device" (*id*. at ⁋ 74), that the image in the

middle shows a device made using the step of "mounting a die comprising a semiconductor light

emitting device on a carrier" (*id*.), and that the image on the right shows a device made using the

step of "irradiating" a "dispensed mixture" according to the claim (*id*. at ⁋ 76).  The complaint

also includes text pasted into the complaint from an unknown source that allegedly shows that

the accused product is made using the step of "dispensing a bead of a mixture of photo curable

epoxy" that has no connection to the "Duris S5 White LED."  Thus, BWL has not shown that a

single accused product includes each element of claim 1.

Moreover, Plaintiff's allegation "[o]n information and belief" that the Duris S5 White

LED infringes claim 1 merely recites the claim language.  There are no allegations that plausibly

suggest that fabricating a Duris S5 White LED includes "irradiating said dispensed mixture [of a

bead of a mixture of photo curable epoxy and phosphor particles] in a time period that is less

than the time period in which said phosphor particles settle wherein said *time period is less than*

*1 second*." (emphasis added).  The complaint does not include any facts about the exemplary accused product that tie any characteristic of this product to the claim limitation in question. Therefore, count 3 should be dismissed.

### 3.      Count 4 Does Not State a Plausible Claim for Relief

As in Counts 1 and 3, Court 4 does not state a plausible claim for relief because BWL relies on *two different products* to plead infringement of claim 1 of the '182 patent and it moreover alleges infringement based "on information and belief" with no evidence or argument to demonstrate such infringement.

BWL alleges that the LV W5AM Golden Dragon Plus device infringes claim 1, but then includes annotated images from an entirely different device which is again evident from a cursory comparison between the two devices as shown below:

| Accused Product with alleged integrated optical emitter device (D.I. 13 at ¶ 93) | Accused Product with alleged substrate, emitter, molded cup, and a molded encapsulation layer (*Id*. at ¶¶ 94-97) |
|---|---|
|  | |

Thus, BWL has not shown infringement of any exemplary product.

Moreover, the Complaint does not include any evidence or explanation of how the accused product includes a "a molded encapsulation layer wherein said molded encapsulation layer is shaped to direct light emitted by said emitter [and] reduces a difference in beam divergence between a fast-axis and a slow-axis" as required by claim 1.  Instead, BWL simply alleges that such limitation is present "on information and belief" (*id*. at ¶ 98) with no evidence

or argument as to how the accused product infringes.  Accordingly, count 4 should be dismissed.

**B.     Count 2 Does Not State a Plausible Claim**

Each of Plaintiff's allegations "[o]n information and belief" in Count 2 that LZ1-00CW02 infringes claim 1 of the asserted patent contains little more than a mere recitation of claim 1's language itself.  For example, there are no allegations to plausibly suggest that LZ1-00CW02 has a "photocurable medium" with the claimed features ("sets upon exposure to light of a curing wavelength" and "sets in a time less than that required for a change in concentration of said phosphor in said phosphor layer over said LED of more than 0.5 percent").  (D.I. 13 ¶¶ 55. 56)  Plaintiff's allegations are formulaic and bare-bones as it contains no facts about LZ1-00CW02 tying any specific attribute of this product to the claimed "photocurable medium" limitation of the asserted patent.  Plaintiff's conclusory allegations are thus untethered from any factual allegations.  Count 2 should be dismissed.

**C.     Count 8 Does Not State a Plausible Claim**

Each of Plaintiff's allegations "[o]n information and belief" in Count 8 that the OSLUX LED infringes claim 1 of the asserted patent merely parrots the language of claim 1 itself along with a purported image of an OSLUX LED.

For example, Plaintiff's allegations with respect to a "diffractive optical element" simply repeats the claim language, references an OSLUX LED, and contains an image, which includes a figure and text with different colored highlights.  But nothing in that image explains how a "uniform rectangular pattern" or "rectangular illuminated image" is obtained or even mention a "diffractive optical element."  (D.I. 13 ¶ 188)  The word "diffract" (or any variant) does not appear in any of the factual evidence cited by BWL.  There are no allegations to plausibly suggest that OSLUX LED has a diffractive optical element, as claimed.  Count 8 of Plaintiff's Complaint contains nothing more than conclusory allegations of infringement and should be

19

dismissed.

### D.      Count 10 Does Not State a Plausible Claim

Each of Plaintiff's allegations "[o]n information and belief" in Count 10 that SFH 4356 infringes claim 14 (product-by-process claim) of the asserted patent merely repeats the claim language along with purported images of an SFH 4356 annotated by Plaintiff to indicate claimed features.  This is insufficient to plead infringement for all the claim elements.

With respect to a certain claim limitation (D.I. 13 ¶ 232), for instance, even an image is absent.  Plaintiff has not pleaded anything beyond copying claim 14's language itself.  There are no allegations about the manufacturing process to plausibly suggest that the limitation "physically connecting the line of first leads to the line of second leads with a rail [in the specified manner]," (*id.*), which was added in an amendment during prosecution to overcome prior art, is present while manufacturing SFH 4356.  Accordingly, count 10 should be dismissed.

### E.      Count 14 Does Not State a Plausible Claim

Plaintiff's allegations "[o]n information and belief" in Count 14 that the OSLON LX ECE infringes claim 1 of the asserted patent again merely parrots the claim language and states that such limitations are present in the OSLON LX ECE.  There are no allegations to plausibly suggest that an OSLON LX ECE includes, for example, a "printed circuit board," (D.I. 13 ¶ 335), as claimed by claim 1, which is an important limitation because it was added as an amendment during prosecution to overcome prior art rejection.

## VII.    CONCLUSION

For the reasons set forth above, Counts 1, 2, 3, 4, 8, 10, and 14 for direct infringement and on all Counts for indirect and on willful infringement in BWL's complaint should be dismissed.

OF COUNSEL:

Srikanth K. Reddy
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000

Neel Chatterjee
GOODWIN PROCTER LLP
601 Marshall Street
Redwood City, CA 94063
(650) 752-3100

*/s/ John W. Shaw*
John W. Shaw (No. 3362)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th
Floor
Wilmington, DE 19801
(302) 298-0700
nhoeschen@shawkeller.com
jshaw@shawkeller.com

*Attorney for OSRAM Sylvania, Inc.;*
*OSRAM Opto Semiconductors, Inc.;*
*and LEDVANCE LLC*

Dated: May 24, 2019