IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BENCH WALK LIGHTING LLC, <br><br> *Plaintiff,* <br><br> v. <br><br> OSRAM SYLVANIA, INC.; OSRAM LICHT AG; OSRAM GMBH; OSRAM OPTO SEMICONDUCTORS GMBH & CO.; OSRAM OPTO SEMICONDUCTORS, INC.; LEDVANCE GMBH; LEDVANCE LLC; LED ENGINE, INC. <br><br> *Defendants.* | C.A. No. 18-1732-RGA |

## DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO FIRST AMENDED COMPLAINT

The First Amended Complaint ("Complaint") names OSRAM SYLVANIA Inc.;

OSRAM Licht AG; OSRAM GmbH; OSRAM Opto Semiconductors GmbH & Co.; OSRAM

Opto Semiconductors, Inc.; LEDVANCE GmbH; LEDVANCE LLC, and LedEngin, Inc. as

Defendants.  OSRAM Licht AG; OSRAM GmbH; OSRAM Opto Semiconductors GmbH & Co.;

LEDVANCE GmbH; and LedEngin, Inc. have not been served with a Summons and Complaint,

nor has Plaintiff requested a waiver of service for those named Defendants.  OSRAM Licht AG;

OSRAM GmbH; OSRAM Opto Semiconductors GmbH & Co.; LEDVANCE GmbH; and

LedEngin, Inc. are therefore not required to respond to the Complaint at this time.   All responses

below are made solely on behalf of OSRAM SYLVANIA Inc.; OSRAM Opto Semiconductors,

Inc.; and LEDVANCE LLC,  (collectively, "Defendants") and no response is made to any

allegation that is properly directed at any defendant other than Defendants, because none is

required.  To the extent a response is required, Defendants deny all allegations properly directed at other defendants.

Defendants OSRAM SYLVANIA Inc.; OSRAM Opto Semiconductors, Inc.; and LEDVANCE LLC, by and through their attorneys, hereby respond to the Complaint of Bench Walk Lighting LLC ("BWL" or "Plaintiff") as follows.  Defendants deny each and every allegation contained in the Complaint that is not expressly admitted below.  Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably may follow from the admitted facts.  Defendants deny that Plaintiff is entitled to the relief requested in the Complaint or to any other relief.

## I.      NATURE OF THE ACTION

1.      This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendants admit that Plaintiff's Complaint purports to state claims arising under the patent laws of the United States, 35 U.S.C. §§ 271 et seq.  Otherwise denied.

2.      Denied.

3.      This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiff's Complaint purports to seek past and future damages and prejudgment and post-judgment interest.  Otherwise denied.

## II.     PARTIES

4.      Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 4, and therefore deny them.

5.      Admitted that OSRAM SYLVANIA Inc. is a Delaware corporation and a subsidiary of OSRAM GmbH.  Denied that OSRAM SYLVANIA Inc. has its principal place of business at 100 Endicott Street, Danvers, Massachusetts 01923.  Admitted that OSRAM SYLVANIA Inc. has a registered agent at Corporate Creations Network Inc., 3411 Silverside Road, Tatnall Building, Ste. 104, Wilmington, DE 19810.  Admitted that OSRAM SYLVANIA Inc. sells and/or offers for sale in the United States products containing LEDs.  Otherwise denied.

6.      The allegations in this paragraph are directed to another entity and, therefore, require no response from Defendants.

7.      The allegations in this paragraph are directed to another entity and, therefore, require no response from Defendants.

8.      The allegations in this paragraph are directed to another entity and, therefore, require no response from Defendants.

9.      Admitted that OSRAM Opto Semiconductors Inc. is a Delaware corporation with a principal place of business at 1150 Kifer Road, Suite 100, Sunnyvale, CA 94086.    Admitted that OSRAM Opto Semiconductors Inc. has a registered agent at Corporate Creations Network Inc., 3411 Silverside Road, Tatnall Building, Ste. 104, Wilmington, DE 19810.  Otherwise denied.

10.      The allegations in this paragraph are directed to another entity and, therefore, require no response from Defendants.

11.      Admitted that LEDVANCE LLC is a Delaware limited liability company with a principal place of business in Wilmington, Massachusetts.  Admitted that LEDVANCE LLC sells and/or offers for sale in the United States products containing LEDs.  Admitted that

LEDVANCE LLC has a registered agent at Corporate Creations Network Inc., 3411 Silverside Road, Tatnall Building, Ste. 104, Wilmington, DE 19810. Otherwise denied.

12.     The allegations in this paragraph are directed to another entity and, therefore, require no response from Defendants.

13.     Denied.

### III.     JURISDICTION AND VENUE

14.     This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the Complaint purports to state claims arising under the patent laws of the United States, 35 U.S.C. §§ 271, 281, 283, 284, and 285. Otherwise denied.

15.     This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants respond that, for the purposes of this action only, Defendants do not contest subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a). Otherwise denied.

16.     This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants respond that, for the purposes of this action only, Defendants do not contest venue in this judicial district. Otherwise denied.

17.     This paragraph contains legal conclusions to which no response is required. To the extent a response is required, Defendants respond that, for the purposes of this action only, Defendants do not contest personal jurisdiction in this Court. Otherwise denied.

18.     This paragraph contains legal conclusions to which no response is required. To the extent a response is required, denied. For the purposes of this action only, Defendants do not contest personal jurisdiction in this Court.

## IV.     FACTUAL BACKGROUND

19.     This paragraph contains legal conclusions to which no response is required.  To the extent a response is required, Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations in paragraph 19, and therefore deny them.

## V.     COUNTS OF PATENT INFRINGEMENT

20.     To the extent this paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.  Otherwise admitted that Plaintiff alleges infringement of the fourteen patents identified in paragraph 20 of the Complaint; and  denied that Defendants have infringed, do infringe, or will infringe any of the Asserted Patents.

## COUNT ONE
## INFRINGEMENT OF U.S. PATENT 6,325,524

21.     In response to paragraph 21 of the Complaint, Defendants incorporates by reference its responses to preceding paragraphs 1-20 as if fully set forth herein.

22.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

23.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

Technical Description

24.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

25.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

26.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

27.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

28.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

29.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

30.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

Direct Infringement

31.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

32.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

33.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

34.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

35.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

Willful Infringement

36.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

37.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

38.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

39.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

40.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

41.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

Indirect Infringement

42.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

43.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

44.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

**COUNT TWO**
**INFRINGEMENT OF U.S. PATENT 6,806,658**

45.     In response to paragraph 45 of the Complaint, Defendants incorporate by reference their responses to preceding paragraphs 1-44 as if fully set forth herein.

46.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

47.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

Technical Description

48.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

49.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

Direct Infringement

50.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

51.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

52.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

53. This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

54. This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

55. This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

56. This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

Willful Infringement

57. This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

58. This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

59. This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

60.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

Indirect Infringement

61.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

62.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

63.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

**COUNT THREE**
**INFRINGEMENT OF U.S. PATENT 7,115,428**

64.     In response to paragraph 64 of the Complaint, Defendants incorporate by reference their responses to preceding paragraphs 1-63 as if fully set forth herein.

65.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

66.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

Technical Description

67.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

68.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

69.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

70.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

71.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

Direct Infringement

72.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

73.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

74. This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

75. This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

76. This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

Willful Infringement

77. This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

78. This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

79. This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

80. This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

Indirect Infringement

81.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

82.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

83.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

## COUNT FOUR
## INFRINGEMENT OF U.S. PATENT 7,145,182

84.     In response to paragraph 84 of the Complaint, Defendants incorporate by reference their responses to preceding paragraphs 1-83 as if fully set forth herein.

85.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

86.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

Technical Description

87.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

88.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

89.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

90.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

Direct Infringement

91.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

92.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

93.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

94.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

95.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

96.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

97.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

98.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

Willful Infringement

99.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

100.    This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

101.    This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

102.	This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

Indirect Infringement

103.	This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

104.	This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

105.	This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

### COUNT FIVE
### INFRINGEMENT OF U.S. PATENT 7,239,080

106.	In response to paragraph 106 of the Complaint, Defendants incorporates by reference their responses to preceding paragraphs 1-105 as if fully set forth herein.

107.	Admitted that the face of U.S. Patent 7,239,080 ("the '080 patent") bears the title "LED Display With Overlay" and an issue date of July 3, 2007, and indicates that U.S. Application No. 10/798,477 was filed on March 11, 2004. Otherwise denied.

108.	This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

Technical Description

109.  This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

110.  This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

111.  This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

112.  This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

113.  This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

Direct Infringement

114.  Denied.

115.  Denied.

116.  This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

117.  This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

118.  This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

119.  This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

120.  This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

Willful Infringement

121.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

122.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

123.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

124.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

125.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

126.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

Indirect Infringement

127.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

128.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

129.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

## COUNT SIX
## INFRINGEMENT OF U.S. PATENT 7,470,936

130.     In response to paragraph 130 of the Complaint, Defendants incorporate by reference their responses to preceding paragraphs 1-129 as if fully set forth herein.

131.     Admitted that the face of U.S. Patent 7,470,936 ("the '936 patent") bears the title "Light Emitting Diode with a Step Section Between the Base and the Lens of the Diode" and an issue date of December 30, 2008, and indicates that U.S. Application No. 11/684,473 was filed on March 9, 2007. Otherwise denied.

132.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

Technical Description

133.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

134.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

135.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

136.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

137.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

138.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

139.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

<u>Direct Infringement</u>

140.     Denied.

141.     Denied.

142.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

143.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

144.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

145.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

146.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

147.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

Willful Infringement

148. This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

149. This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

150. This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

151. This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

Indirect Infringement

152. This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

153. This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

154. This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

**COUNT SEVEN**
**INFRINGEMENT OF U.S. PATENT 7,488,990**

155.    In response to paragraph 155 of the Complaint, Defendants incorporate by reference their responses to preceding paragraphs 1-154 as if fully set forth herein.

156.    Admitted that the face of U.S. Patent 7,488,990 ("the '990 patent") bears the title "Using Multiple Types of Phosphor in Combination with a Light Emitting Device" and an issue date of February 10, 2009, and indicates that U.S. Application No. 10/817,359 was filed on April 2, 2004. Otherwise denied.

157.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

Technical Description

158.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

159.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

160.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

Direct Infringement

161.    Denied.

162.    Denied.

163.    Denied.

164.    This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

165.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

166.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

167.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

Willful Infringement

168.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

169.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

170.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

171.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

172.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

173.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

Indirect Infringement

174.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

175.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

176.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

**COUNT EIGHT**
**INFRINGEMENT OF U.S. PATENT 7,519,287**

177.     In response to paragraph 177 of the Complaint, Defendants incorporates by reference their responses to preceding paragraphs 1-176 as if fully set forth herein.

178.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

179.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

Technical Description

180.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

181.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

182.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

183.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

Direct Infringement

184.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

185.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

186.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

187.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

188.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

189.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

Willful Infringement

190.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

191.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

192.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

193.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

194.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

195.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

Indirect Infringement

196.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

197.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

198.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

## COUNT NINE
## INFRINGEMENT OF U.S. PATENT 7,847,300

199.     In response to paragraph 199 of the Complaint, Defendants incorporate by reference its responses to preceding paragraphs 1-198 as if fully set forth herein.

200.     Admitted that the face of U.S. Patent 7,847,300 ("the '300 patent") bears the title "Light-Emitting Diode Package" and an issue date of December 7, 2010, and indicates that U.S. Application No. 12/078,250 was filed on March 28, 2008. Otherwise denied.

201. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

Technical Description

202. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

203. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

204. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

205. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

Direct Infringement

206. Denied.

207. Denied.

208. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

209. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

210. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

211. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

212. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

Willful Infringement

213.　This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

214.　This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

215.　This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

Indirect Infringement

216.　This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

217.　This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

218.　This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

**COUNT TEN**
**INFRINGEMENT OF U.S. PATENT 8,034,644**

219.　In response to paragraph 219 of the Complaint, Defendants incorporate by reference their responses to preceding paragraphs 1-218 as if fully set forth herein.

220.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

221.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

Technical Description

222.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

223.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

224.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

225.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

226.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

Direct Infringement

227.    This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

228.    This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

229.    This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

230.    This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

231.    This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

232.    This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

233.    This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

234. This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

235. This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

236. This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

Willful Infringement

237. This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

238. This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

239. This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

240. This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

241.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

242.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

243.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

**COUNT ELEVEN**
**INFRINGEMENT OF U.S. PATENT 8,405,181**

244.     In response to paragraph 244 of the Complaint, Defendants incorporate by reference their responses to preceding paragraphs 1-243 as if fully set forth herein.

245.     Admitted that the face of U.S. Patent 8,405,181 ("the '181 patent") bears the title "High Brightness and High Contrast Plastic Leaded Chip Carrier LED" and an issue date of March 26, 2013, and indicates that U.S. Application No. 13/049,643 was filed on March 16, 2011.  Otherwise denied.

246.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

Technical Description

247.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

248.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

249.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

250.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

Direct Infringement

251.    Denied.

252.    Denied.

253.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

254.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

255.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

256.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

257.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

Willful Infringement

258.    This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

259.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

260.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

261.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

262.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

263.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

Indirect Infringement

264.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

265.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

266. This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

## COUNT TWELVE
## INFRINGEMENT OF U.S. PATENT 9,209,373

267. In response to paragraph 267 of the Complaint, Defendants incorporate by reference their responses to preceding paragraphs 1-266 as if fully set forth herein.

268. Admitted that the face of U.S. Patent 9,209,373 ("the '373 patent") bears the title "High Power Plastic Leaded Chip Carrier with Integrated Metal Reflector Cup and Direct Heat Sink" and an issue date of December 8, 2015, and indicates that U.S. Application No. 13/033,520 was filed on February 23, 2011. Otherwise denied.

269. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

Technical Description

270. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

271. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

272. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, denied.

Direct Infringement

273. Denied.

274. Denied.

275.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

276.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

277.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

278.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

279.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

280.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

281.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

<u>Willful Infringement</u>

282.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

283.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

284.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

285.    This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

286.    This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

287.    This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

Indirect Infringement

288.    This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

289.    This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

290.    This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

## COUNT THIRTEEN
## INFRINGEMENT OF U.S. PATENT 9,882,094

291.    In response to paragraph 291 of the Complaint, Defendants incorporates by reference their responses to preceding paragraphs 1-290 as if fully set forth herein.

292.     Admitted that the face of U.S. Patent 9,882,094 ("the '094 patent") bears the title "Light Source with Inner and Outer Bodies Comprising Three Different Encapsulants" and an issue date of January 30, 2018, and indicates that U.S. Application No. 13/047,293 was filed on March 14, 2011. Otherwise denied.

293.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

Technical Description

294.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

295.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

296.     Admitted that the '094 patent includes the language quoted in paragraph 296 of the Complaint, without the modifications noted in brackets in that paragraph.  Otherwise denied.

297.     Admitted that the '094 patent includes the language quoted in paragraph 297 of the Complaint.  Otherwise denied.

298.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

299.     Admitted that the '094 patent includes the language quoted in paragraph 299 of the Complaint.  Otherwise denied.

300.     This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

301.     Admitted that the '094 patent includes the language quoted in paragraph 301 of the Complaint.  Otherwise denied.

<u>Direct Infringement</u>

302.    Denied.

303.    Denied.

304.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

305.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

306.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

307.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

308.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

309.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

310.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

311.    This paragraph states a legal conclusion to which no response is required.  To the extent a response is required, denied.

<u>Willful Infringement</u>

312.    This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

313.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

314.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

Indirect Infringement

315.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

316.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

317.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

**COUNT FOURTEEN**
**INFRINGEMENT OF U.S. PATENT 9,887,338**

318.     In response to paragraph 318 of the Complaint, Defendants incorporate by reference their responses to preceding paragraphs 1-317 as if fully set forth herein.

319.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

320.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

Technical Description

321.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

322.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

323.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

324.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

325.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

326.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

327.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

328.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

Direct Infringement

329.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

330.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

331.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

332.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

333.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

334.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

335.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

336.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

Willful Infringement

337.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

338.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

339.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

Indirect Infringement

340.     This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).  Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

341. This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

342. This paragraph is subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 12(a)(4), no answer to this paragraph is required at this time.

## VI.    NOTICE

343. This paragraph states a legal conclusion to which no response is required. To the extent a response is required, on information and belief, admitted that BWL itself does not currently distribute, sell, offer for sale, or make products embodying the Asserted Patents. Otherwise denied.

## VII.    JURY DEMAND

344. Defendants demand a trial by jury on all matters to which it is entitled to trial by jury pursuant to Fed. R. Civ. P. 38.

## VIII.    PRAYER FOR RELIEF

To the extent the Prayer for Relief relates to claims that are subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), pursuant to Fed. R. Civ. P. 12(a)(4), no answer is required at this time. Otherwise, Defendants deny all allegations in the Complaint, whether express or implied, that are not specifically admitted herein. Any factual allegation is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications or speculations that arguably follow from the admitted facts. Defendants deny that BWL is entitled to the relief requested or any other relief.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense
### (Failure to State a Claim)

The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense
### (Non-Infringement of the Asserted Patents)

Defendants have not infringed, do not infringe, and will not infringe any valid and enforceable claim of the Asserted Patents directly, indirectly, by inducement, by contribution, literally, under the doctrine of equivalents, or in any other manner.

### Third Affirmative Defense
### (Invalidity of the Asserted Patents)

One or more claims of each of the Asserted Patents are invalid for failure to meet the requirements of patentability under 35 U.S.C. § 101 *et seq*., including without limitation §§ 101, 102, 103, 112, and/or any judicially-created doctrine of invalidity including obviousness-type double patenting.

### Fourth Affirmative Defense
### (Prosecution History Estoppel and Prosecution Disclaimer)

One or more claims of the Asserted Patents is barred from being asserted against Defendants under the doctrine of prosecution history estoppel and/or prosecution disclaimer.

### Fifth Affirmative Defense
### (No Equitable Relief)

BWL is not entitled to equitable relief, including but not limited to BWL's request for injunctive relief, as BWL has an adequate remedy at law and cannot show that it has suffered or will suffer any immediate or irreparable harm from Defendants' actions.

### Sixth Affirmative Defense
### (No Lost Profits Recovery)

BWL is not entitled to recover lost profits as a measure of damages because BWL cannot prove that it would have made any sales but for the alleged acts of infringement.

**Seventh Affirmative Defense**
**(No Willful Infringement)**

Defendants have not willfully infringed, and do not and will not willfully infringe, any valid and enforceable claim of the Asserted Patents, and BWL is not entitled to enhanced damages.

**Eighth Affirmative Defense**
**(28 U.S.C. § 1498)**

BWL's claims for infringement as they relate to any product manufactured or used by the United States government or government agency are limited to the rights and remedies set forth in 28 U.S.C. § 1498. BWL cannot seek damages against Defendants for any product made for and/or used by the United States government.

**Ninth Affirmative Defense**
**(Limitation on Damages)**

BWL's claims for damages are limited and/or barred by 35 U.S.C. § 287. For example, on information and belief, BWL's predecessors-in-interest in the patents-in-suit, and/or any of their licensees, and/or any entities making, offering for sale, or selling patented articles for or under any of the foregoing, failed to comply with the marking requirements set forth in 35 U.S.C. § 287, making Defendants not liable to BWL for any alleged infringement committed before Defendants received actual notice that it was allegedly infringing the patents-in-suit. BWL also cannot prove that this is an exceptional case under 35 U.S.C. § 285, and consequently BWL is not entitled to enhanced damages or attorneys' fees pursuant to that section.

### Tenth Affirmative Defense
### (Exceptional Case)

Defendants are entitled to an award of its reasonable attorneys' fees to be assessed against BWL in accordance with the provisions of 35 U.S.C. § 285 or such other authorities as the Court deems applicable, including without limitation, Fed. R. Civ. P. 11.

### Reservation of Defenses

Defendants reserve their right to assert any additional defenses or counterclaims as they become known through the course of discovery.

## PRAYER FOR RELIEF

WHEREFORE, with respect to all claims that are not subject to Defendants' Partial Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6), Defendants respectfully request that this Court:

A.    Enter a judgment in favor of Defendants, and against Plaintiff, on all of Plaintiff's claims;

B.    Dismiss all of Plaintiff's claims with prejudice;

C.    Deny all of Plaintiff's prayers for relief;

D.    Award Defendants their costs, expenses, and reasonable attorneys' fees, including, for example, pursuant to 35 U.S.C. § 285 and/or Fed. R. Civ. P. 11; and

E.  Grant to Defendants such other relief as the Court deems just and proper.

/s/ John W. Shaw
John W. Shaw (No. 3362)

OF COUNSEL:                                 Nathan Roger Hoeschen (No. 6232)
                                            SHAW KELLER LLP
Srikanth K. Reddy                           I.M. Pei Building
GOODWIN PROCTER LLP                         1105 North Market Street, 12th Floor
100 Northern Avenue                         Wilmington, DE 19801
Boston, MA 02210                            (302) 298-0700
(617) 570-1000                              jshaw@shawkeller.com
sreddy@goodwinlaw.com                       nhoeschen@shawkeller.com

Neel Chatterjee                             *Attorneys for Defendants OSRAM*
GOODWIN PROCTER LLP                         *SYLVANIA Inc.; OSRAM Opto*
601 Marshall Street                         *Semiconductors, Inc.; and LEDVANCE*
Redwood City, CA 94063                      *LLC*
(650) 752-3100
nchatterjee@goodwinlaw.com


Dated: May 24, 2019