# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BENCH WALK LIGHTING LLC,<br><br>  Plaintiff,<br><br>  v.<br><br>OSRAM SYLVANIA, INC.; OSRAM LICHT AG; OSRAM GMBH; OSRAM OPTO SEMICONDUCTORS GMBH & CO.; OSRAM OPTO SEMICONDUCTORS, INC.; LEDVANCE GMBH; LEDVANCE LLC; LED ENGINE, INC.,<br><br>  Defendants. | CIVIL ACTION NO. 18-1732-RGA |

**PLAINTIFF'S OPENING BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A <u>SECOND AMENDED COMPLAINT</u>**

**TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ................................................................................................... ii
I. INTRODUCTION .................................................................................................... 1
II. LEGAL STANDARD ............................................................................................... 1
III. THE SAC ADDS DETAILED FACTUAL ALLEGATIONS ............................... 2
    A. CORRECT ENTITY NAMES ........................................................................ 2
    B. THE SAC ADDS ENTITIES THAT WERE IDENTIFIED BY DEFENDANTS AFTER THE FAC WAS FILED ................................................................................. 2
    C. FACTUAL SUPPORT REGARDING DIRECT INFRINGEMENT .......................... 2
    D. INDIRECT INFRINGEMENT ALLEGATIONS .................................................. 3
    E. WILLFULNESS ALLEGATIONS ..................................................................... 4
    F. FACTUAL SUPPORT REGARDING THE OSRAM ENTITIES ............................ 4
IV. NO UNDUE DELAY, BAD FAITH, OR DILATORY MOTIVE ........................ 5
V. DEFENDANTS ARE NOT PREJUDICED ............................................................ 6
VI. THE SAC IS NOT FUTILE ...................................................................................... 6
VII. CONCLUSION ........................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**                                                                                                       **Page(s)**

*Chalumeau Power Sys. LLC v. Alcatel–Lucent*,
  C.A. No. 11-1175-RGA, 2012 WL 6968938 (D. Del. July 18, 2012)......................................6

*Dole v. Arco*,
  921 F.2d 484 (3d Cir. 1990)..................................................................................................1

*Foman v. Davis*,
  371 U.S. 178 (1962)..............................................................................................................1

*HSM Portfolio LLC v. Fujitsu Ltd.*,
  No. 11-770-RGA, Dkt. No. 426 (D. Del. Aug. 20, 2013) ..................................................6, 7

*Nalco Co. v. Chem-Mod, LLC*,
  883 F.3d 1337 (Fed. Cir. 2018).............................................................................................2

*Shane v. Fauver*,
  213 F.3d 113 (3d Cir. 2000)...............................................................................................1, 6

*Sipco, LLC, and IP CO., LLC, v. Streetline, Inc., et al*,
  No. 16-830-RGA, Dkt. No. 24 (D. Del. June 21, 2017) .........................................................7

**Other Authorities**

Fed. R. Civ. P. 7.1...................................................................................................................1

Fed. R. Civ. P. 12(6)(6)...........................................................................................................7

Fed. R. Civ. P. 15...................................................................................................................1

Fed. R. Civ. P. 15(a)(2)..........................................................................................................1

Fed. R. Civ. P. 16...................................................................................................................7

## I. INTRODUCTION

Plaintiff, Bench Walk Lighting LLC, filed its original complaint on November 2, 2018, and a First Amended Complaint ("FAC") on May 10, 2019 (D.I. 13). Defendants filed a partial Motion to Dismiss ("Motion") on May 24, 2019 (D.I. 14), and served their Rule 7.1 Corporate Disclosure Statement ("CDS") on May 28, 2019, identifying related entities that were not named in Plaintiff's FAC. Plaintiff's instant motion requests leave to file a Second Amended Complaint ("SAC") to include these additional parties and to resolve any legitimate concerns raised in Defendants' Motion. This case is still in the pleading stage, discovery has not commenced, the scheduling conference has not been scheduled, and a scheduling order has not yet been entered. A copy of the proposed SAC is attached as Exhibit A to Plaintiff's Motion For Leave To File A Second Amended Complaint, and a redline version illustrating the differences between the FAC and the SAC is attached as Exhibit B.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 15 governs amendments to pleadings generally. Rule 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision to grant or deny leave to amend lies within the court's discretion, *Foman v. Davis*, 371 U.S. 178, 182 (1962), and, accordingly, the Third Circuit takes a liberal approach to the amendment of pleadings. *Dole v. Arco*, 921 F.2d 484, 487 (3d Cir. 1990). In the absence of undue delay, bad faith, or dilatory motives on the part of the moving party, the amendment should be freely granted, unless it is futile or unfairly prejudicial to the non-moving party. *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).

**III. THE SAC ADDS DETAILED FACTUAL ALLEGATIONS**

   **A. CORRECT ENTITY NAMES**

The SAC corrects minor typographical errors in the names of two of the Defendants. "OSRAM Opto Semiconductors GmbH & Co" is corrected to "OSRAM Opto Semiconductors GmbH," and "Led Engin, Inc." is corrected to read "LedEngin, Inc." Counsel for Defendants represented that these are the proper names.

   **B. THE SAC ADDS ENTITIES THAT WERE IDENTIFIED BY DEFENDANTS AFTER THE FAC WAS FILED**

The SAC adds OSRAM Beteiligungen GmbH and LEDVANCE Holding LLC as jointly liable for the alleged infringement. These entities were identified in Defendants' CDS that was served after the FAC was filed. Defendants are not prejudiced by this addition. Indeed, the alternative—initiating a separate suit against these entities—would be an inefficient use of the Court's and the parties' resources. Moreover, adding these entities will not delay or otherwise affect the case schedule in any way.

   **C. FACTUAL SUPPORT REGARDING DIRECT INFRINGEMENT**

Defendants' Motion complains that the FAC provides insufficient allegations of direct infringement. Defendants are wrong. This is notice pleading. Plaintiff is not required to <u>prove</u> the asserted claims. *Nalco Co. v. Chem-Mod, LLC*, 883 F.3d 1337, 1350 (Fed. Cir. 2018). Nonetheless, to resolve any legitimate concern about the adequacy of notice, the SAC provides even more factual support. Specifically, the SAC further supports Count 1 through additional diagrams, photos, and explanatory text, removing pictures of substantially similar related products, and demonstrates how the accused OSTAR Headlamp Pro meets all elements of claim 1 of U.S. Patent No. 6,325,524. SAC at ¶¶ 81-83. Regarding Count 2, the SAC provides additional factual support for Plaintiff's allegations regarding steps in OSRAM's LED secret manufacturing process.

SAC at ¶¶ 112, 113. Regarding Counts 3 and 4, the SAC further identifies the source of its supporting evidence cited in the FAC. SAC at ¶¶ 141, 143 (Count 3); ¶ 170 (Count 4). The SAC further provides additional factual support for Plaintiff's allegations regarding the secret operation of the accused product in Count 4. SAC at ¶ 175. Regarding Count 8, the SAC provides additional factual support for Plaintiff's allegations regarding the "diffractive optical element" claim element. SAC at ¶ 301. Regarding Count 10, the SAC provides additional factual support for Plaintiff's allegations regarding the "physically connecting the line of first leads to the line of second leads with a rail" claim element. SAC at ¶ 358. Regarding Count 12, the SAC provides additional factual support for Plaintiff's allegations regarding the "lead frame cavity" claim element. SAC at ¶ 425. Finally, regarding Count 14, the SAC provides additional factual support for Plaintiff's allegations regarding the "printed circuit board" claim element. SAC at ¶ 495. These supporting allegations do not prejudice Defendants; to the contrary, they provide additional details to specifically define the allegations and underlying factual bases.

D.     INDIRECT INFRINGEMENT ALLEGATIONS

Defendants' Motion alleges that the FAC provides insufficient allegations of indirect infringement. Once again, Defendants are wrong. The FAC provides the required allegations to place Defendants on notice of indirect infringement and even includes examples of supporting documents, including manuals, marketing materials, and six whitepapers disseminated by Defendants, showing infringement by Defendants' products. The SAC further identifies Defendants' own materials and the origin of Defendants' own data sheets to provide additional factual support to the already detailed FAC allegations. SAC at ¶¶ 77, 105, 136, 165, 198, 234, 264, 295, 326, 352, 384, 415, 454, and 486.

### E. WILLFULNESS ALLEGATIONS

Defendants' Motion alleges that the FAC provides insufficient allegations regarding Defendants' knowledge of the asserted patents. Specifically, the FAC states that Defendants had previously been involved in litigation regarding a sister portfolio of the asserted patent portfolio. The SAC adds factual allegations supporting Defendants' knowledge that: the asserted patent portfolio and its sister portfolio were originally assigned to Avago and were sold to Document Security Systems, Inc. (plaintiff in the prior case) and Plaintiff, respectively (SAC at ¶¶ 88, 116, 146, 178, 211, 245, 276, 307, 365, 397, 431); that diligence conducted by Defendants uncovered the remaining patents in the Avago LED portfolio (SAC at ¶ 89, 117, 147, 179, 212, 246, 277, 308, 366, 398, 432); and that Defendants were aware of the sale of the entire set of patents from Avago (SAC at ¶ 90, 118, 148, 180, 213, 247, 278, 309, 367, 399, 433).

### F. FACTUAL SUPPORT REGARDING THE OSRAM ENTITIES

Defendants' Motion alleges that the FAC provides insufficient allegations regarding the named entities. Motion at 2, 8, 11. The SAC adds factual support for its allegations of infringement against all entities named in the FAC. Contrary to Defendants' allegations, the FAC adequately places Defendants on notice of the allegations concerning the named subsidiaries of OSRAM Licht AG. Plaintiff's SAC adds even more facts supporting the allegations regarding the OSRAM entities. SAC at ¶¶ 17-19. Additionally, the SAC details OSRAM Licht AG's direction and control over its subsidiaries (SAC at ¶¶ 20-29), the OSRAM Licht AG subsidiaries (SAC at ¶¶30-34), and OSRAM Business Segments (SAC at ¶¶ 35-37). Further, the SAC explains OSRAM's relationship with Defendant LEDVANCE (SAC at ¶¶ 38-43), provides additional details on OSRAM OPTO Semiconductors (SAC at ¶¶ 44-45), and the OSRAM Combined Group, including factual allegations establishing OSRAM Licht AG's direction and control of the activities relating to infringement of the accused LED products. SAC at ¶¶ 46-57.

Regarding these allegations, the SAC pleads additional facts that further support the liability of each Defendant in the OSRAM Licht Group for all acts of infringement. SAC at ¶¶ 75, 103, 134, 163, 196, 231, 261, 293, 324, 350, 382, 413, 452, and 484. The SAC explicitly alleges that each of the named Defendants "individually and jointly operating as a common business enterprise, develop, design, manufacture, and distribute LED products that infringe" each of the 14 asserted patents. *Id.* The SAC further alleges facts demonstrating that the OSRAM entities are inextricably intertwined, thus supporting piercing the corporate veil based on both agency and alter ego theories. SAC at ¶¶ 17-57. Specifically, the SAC alleges that: (1) the Defendants conducted business under the common name "OSRAM Licht Group" or "OSRAM Group" (SAC at ¶¶ 18, 22, 25, 32, 34, 49 – 50, 55); (2) the OSRAM Licht Group is managed centrally by the Managing Board of OSRAM Licht AG in its function as chief operating decision maker ("CODM") (SAC at ¶ 23); and (3) the Managing Board is responsible for the operating activities of the OSRAM Licht Group." *Id.* The SAC further alleges that OSRAM submits a combined financial report for all of its subsidiaries and that OSRAM Licht AG directs and controls the infringing activities of its subsidiaries. SAC at ¶¶ 26, 28. Additionally, the SAC alleges that each of the OSRAM Defendants are subsidiaries of OSRAM Licht AG, and they are subject to the central "effective control" of the CODM of OSRAM Licht AG in all of their "areas of activity," including specifically the infringing activities (SAC at ¶ 28), and that "[d]espite its corporate complexity and large number of subsidiaries, the OSRAM Group presents itself to the public as a unified single business entity in its corporate disclosures (the "OSRAM Licht Group"). SAC at ¶ 32.

## IV. NO UNDUE DELAY, BAD FAITH, OR DILATORY MOTIVE

Plaintiff respectfully submits its SAC to make corrections and respond to Defendants' subsequent corporate disclosures. The SAC provides further support of its allegations and

addresses Defendants' purported deficiencies in the notice function meant to be served by a Complaint.

Plaintiff's SAC is timely. A scheduling order has not yet issued, and the deadline for the final amendment of pleadings has not yet been set. In a case at a stage of similar procedural posture, this Court prospectively granted leave to file a second amended complaint at a time set at the pending Rule 16 scheduling conference. *Chalumeau Power Sys. LLC v. Alcatel–Lucent*, C.A. No. 11-1175-RGA, 2012 WL 6968938, at *1 (D. Del. July 18, 2012). As in *Chalumeau*, the Rule 16 conference has not yet been scheduled in this case and the deadline for final pleadings is distant.

## V. DEFENDANTS ARE NOT PREJUDICED

There is no prejudice to Defendants. The SAC provides additional detail about Defendants' own products, its own documents, and its own corporate structure. Indeed, in a case that had advanced far beyond the instant case, this Court granted leave to file a third amended complaint to add four patents against seven of the twelve named defendants. *HSM Portfolio LLC v. Fujitsu Ltd.*, No. 11-770-RGA, Dkt. No. 426, (D. Del. Aug. 20, 2013) ("the case is still at a fairly early stage, and any issues of prejudice can be dealt with by extending the schedule.")

## VI. THE SAC IS NOT FUTILE

"'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted. In assessing 'futility,' the District Court applies the same standard of legal sufficiency as it applies under Rule 12(6)(6)." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). The SAC is not futile and adds valuable supporting information that will help both parties define the proper boundaries of this case.

Moreover, Defendants retain the right, if necessary, to refile its partial Motion to Dismiss to address any perceived shortcomings. For example, in *HSM*, this Court held that any alleged futility of a third amended complaint could be addressed through the defendant's proffered motion

to dismiss. *HSM Portfolio LLC v. Fujitsu Ltd.*, No. 11-770-RGA, Dkt. No. 426 (D. Del. Aug. 20, 2013); *see also Sipco, LLC, and IP CO., LLC, v. Streetline, Inc.*, et al, No. 16-830-RGA, Dkt. No. 24 at *4 (D. Del. June 21, 2017) (in granting a motion to dismiss, the Court stated that one last attempt at an amendment would not be futile and gave plaintiff "another chance to amend the complaint to meet the requirement that the complaint make plausible allegations of infringement.").

## VII. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File A Second Amended Complaint should be granted.

Dated: July 3, 2019

William M. Parrish
*Pro Hac Vice Forthcoming*
Henning Schmidt
*Pro Hac Vice Forthcoming*
Victor G. Hardy
*Pro Hac Vice Forthcoming*
HARDY PARRISH YANG, LLP
Spicewood Business Center
4412 Spicewood Springs Rd., Suite 202
Austin, Texas 78759
BParrish@hpylegal.com
HSchmidt@hpylegal.com
VHardy@hpylegal.com

Respectfully Submitted,

 /s/ Eric J. Evain
Eric J. Evain (# 3729)
Edward M. Lilly (# 3967)
GRANT & EISENHOFER P.A.
123 Justison Street
Wilmington, DE 19801
Tel: 302-622-7000
Fax: 302-622-7100
eevain@gelaw.com
elilly@gelaw.com

*Attorneys for Plaintiff*
*Bench Walk Lighting LLC*