IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BENCH WALK LIGHTING LLC,<br><br>*Plaintiff*,<br><br>v.<br><br>OSRAM SYLVANIA, INC.; OSRAM LICHT AG; OSRAM GMBH; OSRAM OPTO SEMICONDUCTORS GMBH & CO.; OSRAM OPTO SEMICONDUCTORS, INC.; LEDVANCE GMBH; LEDVANCE LLC; LEDENGINE, INC.<br><br>*Defendants*. | C.A. No. 18-1732-RGA |

**DEFENDANTS OSRAM SYLVANIA, INC., OSRAM OPTO SEMICONDUCTORS, INC. AND LEDVANCE LLC'S REPLY BRIEF IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS BWL'S FIRST AMENDED COMPLAINT<br>PURSUANT TO FED. R. CIV. P. 12(b)(6)**

OF COUNSEL:

Srikanth K. Reddy
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1000

Neel Chatterjee
GOODWIN PROCTER LLP
601 Marshall Street
Redwood City, CA 94063
(650) 752-3100

Dated: July 17, 2019

John W. Shaw (No. 3362)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
nhoeschen@shawkeller.com
jshaw@shawkeller.com

*Attorney for Defendants*

**TABLE OF CONTENTS**

| | | |
|---|---|---|
| I. | INTRODUCTION ................................................................................................... | 1 |
| II. | BWL'S RESPONSE DOES NOT ADDRESS THE DEFICIENCIES TO STATE A PLAUSIBLE CLAIM FOR INDIRECT INFRINGEMENT ....................................... | 2 |
| A. | BWL's Response Does Not Evidence That Defendants Knowingly Induced Infringement ........................................................................................................... | 2 |
| B. | BWL's Response Fails to Address the FAC's Lack of Support to Show Specific Intent to Induce Infringement ............................................................................... | 3 |
| III. | BWL'S RESPONSE DOES NOT ADDRESS THE DEFICIENCIES IN ITS PRE-SUIT AND POST-SUIT WILLFUL INFRINGEMENT ALLEGATIONS ................ | 5 |
| A. | BWL's Reliance on Patent Prosecution Activities and Prior Litigation Is Insufficient to Plead Pre-Suit Willful Infringement ............................................ | 5 |
| B. | BWL's Reliance On Its Original Complaint Is Insufficient to Plead Post-Suit Willful Infringement .............................................................................................. | 6 |
| IV. | BWL FAILS TO ADDRESS THE DEFICIENT DIRECT PATENT INFRINGEMENT ALLEGATIONS ON COUNTS 1, 2, 3, 4, 8, 10 AND 14 .............. | 8 |
| V. | CONCLUSION ...................................................................................................... | 10 |

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)............................................................................................................7, 8

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012)................................................................................................8

*BlackBerry Ltd. v. Nokia Corp.*,
    No. 17-CV-155-RGA, 2018 WL 1401330 (D. Del. Mar. 20, 2018) ...............................5, 6, 7

*Callwave Commc'ns LLC v. AT & T Mobility LLC*,
    No. CV 12-1701-RGA, 2014 WL 5363741 (D. Del. Jan. 28, 2014) ....................................7, 8

*Chalumeau Power Sys. LLC v. Alcatel-Lucent*,
    No. CV 11-1175-RGA, 2012 WL 6968938 (D. Del. July 18, 2012)....................................5, 6

*Cooper Lighting, LLC v. Cordelia Lighting, Inc.*,
    No. 1:16-CV-2669-MHC, 2017 WL 3469535 (N.D. Ga. Apr. 6, 2017) ...................................7

*DermaFocus LLC v. Ulthera, Inc.*,
    201 F. Supp. 3d 465 (D. Del. 2016).......................................................................................6, 7

*Fairchild Semiconductor Corp. v. Power Integrations, Inc.*,
    935 F. Supp. 2d 772 (D. Del. 2013)..........................................................................................4

*Gerlach v. Michigan Bell Tel. Co.*,
    448 F. Supp. 1168 (E.D. Mich. 1978).......................................................................................1

*Groove Digital, Inc. v. King.com, Ltd.*,
    No. 18-00836-RGA, 2018 WL 6168615 (D. Del. Nov. 26, 2018) ...........................................6

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    136 S. Ct. 1923 (2016) (Breyer, J., concurring) .......................................................................6

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*,
    714 F.3d 1277 (Fed. Cir. 2013).................................................................................................9

*KOM Software Inc. v. NetApp, Inc.*,
    No. 1:18-CV-00160-RGA, 2018 WL 6167978 (D. Del. Nov. 26, 2018) .................................5

*Longitude Licensing v. Apple Inc.*,
 No. C-14-04275-EDL, 2015 WL 1143071 (N.D. Cal. Mar. 13, 2015) ......................................6

*M2M Sols. LLC v. Telit Commc'ns PLC*,
 No. CV 14-1103-RGA, 2015 WL 4640400 (D. Del. Aug. 5, 2015)......................................3, 4

*Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*,
 545 U.S. 913 (2005)..............................................................................................................4

*N. Star Innovations, Inc. v. Micron Tech., Inc.*,
 No. 17-506-LPS-CJB, 2017 WL 5501489 (D. Del. Nov. 16, 2017) ........................................9

*Raindance Techs., Inc. v. 10x Genomics, Inc.*,
 No. 15-152-RGA, 2016 WL 927143 (D. Del. Mar. 4, 2016) ..........................................2, 9, 10

*SIPCO, LLC v. Streetline, Inc.*,
 230 F. Supp. 3d 351 (D. Del. 2017).................................................................................2, 10

**Statutes**

Fed. R. Civ. P. 12(b) ....................................................................................................................1

Fed. R. Civ. P. Rule 8 ..................................................................................................................8

Fed. R. Civ. P. Rule 84 ................................................................................................................8

## I. INTRODUCTION

Plaintiff Bench Walk Lighting's ("BWL") first amended complaint ("FAC") is replete with speculative allegations and fails to plead facts sufficient to state a plausible claim for indirect and willful infringement on all counts and 7 of its 14 claims for direct infringement. BWL concedes this by moving for leave to file a second amended complaint ("SAC").[1]

At the outset, BWL incorrectly argues that the "Defendants mooted their Motion by filing an Answer (D.I. 16) at the same time." D.I. 23 at 1. Defendants only moved to partially dismiss BWL's allegations.[2] *See generally* D.I. 16; *see also Gerlach v. Michigan Bell Tel. Co.*, 448 F. Supp. 1168, 1174 (E.D. Mich. 1978) ("Separate counts are, by definition, independent bases for a lawsuit and the parties are responsible to proceed with litigation on those counts which are not challenged by a motion under F.R.C.P. 12(b).").

The Parties agree that, to sufficiently plead a claim for induced infringement, BWL must show Defendants "knowingly induced infringement and possessed specific intent to encourage another's infringement." D.I. 23 at 10. Yet, neither the FAC nor BWL's opposition brief contains allegations sufficient to support such a claim. Nor does BWL specify which of the 8 named defendants have induced others to infringe the asserted patents.

BWL's response on pre-suit and post-suit willful infringement claims fare no better. Plaintiff makes no attempt to show the FAC plausibly supports a conclusion that Defendants (i) knew of the patents-in-suit, (ii) infringed after acquiring that knowledge or (iii) knew or should

---

[1] On July 3, 2019, Plaintiff filed a motion requesting leave to file a SAC, attaching a copy of the SAC. (D.I. 24; D.I. 24-2.) Defendants are concurrently filing an opposition to that motion and that also addresses the deficiencies in the SAC.

[2] Defendants provided an answer to only direct infringement allegations on counts 5-7, 9, 11, 12, and 13, that were not subject to Defendants' partial motion to dismiss. *See, e.g.*, D.I. 16 ¶¶ 106-20 (Count 5); ¶¶ 130-47 (Count 6); ¶¶ 155-67 (Count 7); ¶¶ 199-212 (Count 9); ¶¶ 244-57 (Count 11); ¶¶ 267-81 (Count 12); ¶¶ 291-311 (Count 13).

have known that they were infringing the patents. First, BWL fails to allege actual knowledge of the asserted patents to satisfy pre-suit willful infringement, relying instead on a strained and speculative set of allegations to support a pleading on constructive knowledge based on prior, mostly foreign "prosecution activities" and on a prior "lawsuit alleging infringement of several related patents" that had the "same assignor" as the asserted patents. This is legally insufficient.

Second, BWL relies solely on the original complaint to satisfy the pleading requirements for post-suit willful infringement in its FAC. BWL essentially argues that the mere fact that it brought this lawsuit and then amended its complaint to say "willful" is enough. The law is not so fickle. Adopting BWL's approach would mean *every* adjudicated infringer could be liable for post-suit willful infringement which is simply not the law.

Finally, with respect to direct infringement allegations on Counts 1, 2, 3, 4, 8, 10, and 14, BWL either does not dispute or overstates Defendants' arguments, selectively quotes from Federal Circuit decisions, including ones decided before Form 18 was abrogated, and ignores this Court's decisions in *Raindance* and *SIPCO*, which favor granting Defendants' motion.

For at least these reasons, Defendants' partial motion to dismiss should be granted.

## II. BWL'S RESPONSE DOES NOT ADDRESS THE DEFICIENCIES TO STATE A PLAUSIBLE CLAIM FOR INDIRECT INFRINGEMENT

BWL's induced infringement allegations, which consist of two paragraphs copied across all fourteen counts, do not state that Defendants specifically intended their customers to infringe the asserted patents and knew that the customer's acts constituted infringement or identify the specific Defendants who committed the acts of inducement. *See* D.I. 15 at 5.

### A. BWL's Response Does Not Evidence That Defendants Knowingly Induced Infringement

Neither the FAC nor BWL's opposition contain any facts demonstrating Defendants' knowledge of infringement. BWL responds that "[t]his is not a numbers game; general

allegations are sufficient to support a claim of induced infringement." D.I. 23 at 11. But, as this Court has explained, BWL's "assertion based on no factual allegations cannot pass muster under the plausibility standards." *See M2M Sols. LLC v. Telit Commc'ns PLC*, No. 14-1103-RGA, 2015 WL 4640400, at *4 (D. Del. Aug. 5, 2015).

BWL further responds that the FAC contains far more than just "two paragraphs," as BWL "describes at least 14 products (or products made by infringing processes) that, when used by Defendants' customers in the United States, constitute a direct infringement of each of the 14 patents." D.I. 23 at 11. But the "numerous paragraphs" BWL is referring to, *see id.*, pertain to direct infringement allegations, not specific acts of inducement by Defendants.[3] Thus, BWL's argument is wrong as a matter of law as it is conflating allegations of direct infringement with allegations of induced infringement.

BWL responds that the "FAC also establishes Defendants' knowledge of the patents . . . gained in its own prosecution activities" and from a prior lawsuit "alleging infringement of related patents as early as July of 2017." *Id.* at 12. Such vague allegations, as explained in the context of willful infringement, are insufficient to allege knowledge of the asserted patents in this case. *See* D.I. 15 at 9-10.

### B. BWL's Response Fails to Address the FAC's Lack of Support to Show Specific Intent to Induce Infringement

BWL's allegations do not support Defendants' specific intent to induce infringement. BWL responds that "Defendants provide data sheets, technical guides . . . and other forms of support that induce their customers and/or end users to directly infringe [BWL's] patents, and

---

[3] Plaintiff also states that it "alleges that these products have no substantial non-infringing uses. FAC at ¶¶ 43, 62, 82, 104, 128, 153, 175, 197, 217, 242, 265, 289, 316, 341." *Id.* Putting aside the fact that the FAC does not plead a claim for contributory infringement, BWL's statement is factually incorrect. None of the cited paragraphs contains any allegation stating the accused products have "no substantial non-infringing uses."

that users will necessarily infringe when using these products in their intended way as described in Defendants' documentation." D.I. 23 at 11-12. But, allegations of "marketing activities of the Defendants do not, on their own, demonstrate that Defendants knew such activities were infringing or that Defendants possessed the specific intent to encourage another's infringement." *M2M Sols. LLC*, 2015 WL 4640400, at *4 (quoting *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 234 (D. Del. 2012)); *see also* D.I. 15 at 7-8. Indeed, BWL effectively concedes the deficient allegations in its FAC by relying on "additional allegations" in the SAC in the form of "whitepapers, manuals, and marketing materials." D.I. 23 at 12. Again, these purported "additional allegations" only show "ordinary acts incident to product distribution . . . and . . . legitimate commerce," not "purposeful, culpable expression and conduct" needed to allege induced infringement. *Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 937 (2005).

BWL improperly relies on *Fairchild Semiconductor Corp. v. Power Integrations, Inc.*, 935 F. Supp. 2d 772 (D. Del. 2013). *See* D.I. 23 at 13. In *Fairchild*, the allegations provided a specific example. 935 F. Supp. 2d at 778 (infringer was aware of *"infringing soft start circuit"* as default feature and customers will infringe by using this default feature) (emphasis in original). Unlike the specific allegations at issue in *Fairchild*, BWL's induced infringement allegations, which are replicated across all counts, are generic in nature.[4]

The FAC also fails to specify which of the eight Defendants induced the infringement. BWL responds that it "has pled upon information and belief the role that each separate entity

---

[4] *See e,g.*, D.I. 13 ¶ 43 ("The '524 Accused Products are designed in such a way that when they are used for their intended purpose, the user infringes the '524 Patent, either literally or equivalently. Defendants know and intend that customers that purchase the '524 Accused Products will use those products for their intended purpose.).

played in the alleged infringement." D.I. 23 at 17 (citing FAC at ¶¶ 5-12). But the alleged "role" is based "solely on the parent-subsidiary relationship between these entities" that "provide[s] no factual basis to infer" induced infringement, and that "amount[s] to little more than boilerplate recitations of the elements of induced infringement" claims. *BlackBerry Ltd. v. Nokia Corp.*, No. 17-CV-155-RGA, 2018 WL 1401330, at *4 (D. Del. Mar. 20, 2018). As a result, BWL's indirect infringement claims should be dismissed as to all asserted patents.

### III. BWL'S RESPONSE DOES NOT ADDRESS THE DEFICIENCIES IN ITS PRE-SUIT AND POST-SUIT WILLFUL INFRINGEMENT ALLEGATIONS

#### A. BWL's Reliance on Patent Prosecution Activities and Prior Litigation Is Insufficient to Plead Pre-Suit Willful Infringement

BWL improperly relies on *KOM Software Inc. v. NetApp, Inc.*, No. 1:18-CV-00160-RGA, 2018 WL 6167978, at *3 (D. Del. Nov. 26, 2018) to challenge "Defendants' argument that foreign 'prosecution activities' are insufficient to support knowledge for willfulness." *See* D.I. 23 at 14. In *KOM Software*, the court concluded that defendant's "factual argument" (allegations that knowledge gained via prosecution activities was "untrue and therefore insufficient") was an "inappropriate basis for granting a motion to dismiss." 2018 WL 6167978, at *3. Unlike the defendant in *KOM Software*, Defendants here are arguing that BWL's allegations are implausible, not untrue. In other words, it is implausible that Defendants had knowledge of the asserted patents based on prosecution activities of certain Defendants of other patents. *See* D.I. 15 at 10.[5]

BWL's reliance on prior litigation is also insufficient to show knowledge of the asserted patents. *See* D.I. 15 at 9-10. BWL responds that "Defendants would/should have investigated

---

[5] *See also Chalumeau Power Sys. LLC v. Alcatel-Lucent*, No. CV 11-1175-RGA, 2012 WL 6968938, at *1 (D. Del. July 18, 2012) ("The connection between the moving defendants and the patent applications from nearly a decade ago are not explained sufficiently to make *plausible* that either of the defendants had actual knowledge.") (emphasis added).

the entire patent portfolio of the original assignor during this prior litigation – not just half of it."
D.I. 23 at 14-15. This is "fanciful." *Chalumeau Power Sys. LLC*, 2012 WL 6968938, at *1.
Alleging that Defendants had knowledge of the asserted patents in this case through investigation of an entire patent portfolio in the context of prior "litigation of a sister portfolio from the same original assignor asserted against Defendants' business enterprise" does not meet the plausibility standard. *See Longitude Licensing v. Apple Inc.*, No. C-14-04275-EDL, 2015 WL 1143071, at *2 (N.D. Cal. Mar. 13, 2015) (finding allegation that "Apple 'had knowledge of the Patents-in-Suit as part of the SanDisk patent portfolio' prior to the lawsuit" was "ambiguous" at best and "insufficient to allege Apple's pre-lawsuit knowledge of the specific patents-in-suit").

> **B.     BWL's Reliance On Its Original Complaint Is Insufficient to Plead Post-Suit Willful Infringement**

According to BWL, "Defendants' knowledge of the asserted patents and infringement allegations are based on the original complaint." D.I. 23 at 16. This is insufficient to plead willful infringement. *See* D.I. 15 at 11-12.[6]

To meet the knowledge element and plausibly plead willful infringement in an amended complaint, BWL cannot rely entirely on the original complaint, which itself failed to properly allege willful infringement. *See Groove Digital, Inc. v. King.com, Ltd.*, No. 18-00836-RGA, 2018 WL 6168615, at *3 (D. Del. Nov. 26, 2018).

Plaintiff's reliance on *BlackBerry Ltd.*, 2018 WL 1401330 and *DermaFocus LLC v. Ulthera, Inc.*, 201 F. Supp. 3d 465, 467 (D. Del. 2016) is misplaced. In *DermaFocus*, there was only one asserted patent, with only one independent claim. 201 F. Supp. 3d at 469. In

---

[6] *See also Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1936 (2016) (Breyer, J., concurring) ("[T]he Court's references to 'willful misconduct' do not mean that a court may award enhanced damages simply because the evidence shows that the infringer knew about the patent . . .").

*Blackberry*, the Court explained that "the amended complaint [was] sufficient to place [defendant] on notice of the asserted patents and its allegedly infringing activity." 2018 WL 1401330, at *3. Unlike *Blackberry* and *DermaFocus*, Plaintiff's assertion of 14 patents, which include 173 claims, alleging direct infringement of over 250 products "and all other [unknown] substantially similar products" in the original complaint, *see generally* D.I. 1, is not "sufficient to place [Defendants] on notice of the asserted patents *and* [their] allegedly infringing activity." *Blackberry*, 2018 WL 1401330, at *3 (emphasis added).

"In essence, [BWL] alleges that Defendants' decision to defend this case on the merits demonstrates willfulness." *Callwave Commc'ns LLC v. AT & T Mobility LLC*, No. CV 12-1701-RGA, 2014 WL 5363741, at *1 (D. Del. Jan. 28, 2014) (internal brackets and citation omitted). "[T]o permit such pleading of willfulness" as BWL suggests "could result in enhanced damages in *every* patent infringement suit," as all a plaintiff like BWL needs to do to allege willful infringement is to file an amended complaint and point to the filing of the original complaint to meet the pleading requirements. *Cooper Lighting, LLC v. Cordelia Lighting, Inc.*, No. 1:16-CV-2669-MHC, 2017 WL 3469535, at *3 (N.D. Ga. Apr. 6, 2017) (quoting *Swipe Innovations, LLC v. NCR Corp.*, No. 1:13-CV-2210-TWT, 2013 WL 6080439, at *2 (N.D. Ga. Nov. 18, 2013)) (emphasis in original). That would render *Twombly* and *Iqbal* meaningless.

Plaintiff further argues that "*Callwave Comm's LLC v. AT&T Mobility LLC*, No. 12-01701-RGA, 2014 WL 5363741 (D. Del. Jan. 28, 2014) . . . was implicitly overruled by the Federal Circuit." D.I. 23 at 16. To the contrary, *Callwave* made clear that the "better course is generally not to allow allegations of willfulness based solely on conduct post-dating the filing of the original complaint." *Callwave,* 2014 WL 5363741, at *1. Importantly, BWL ignores *Callwave*'s observation that "whether a willfulness claim based on conduct occurring solely after

litigation began is sustainable will depend on the facts of each case." *Id.* at n.2 (quoting *In re Seagate Technology, LLC*, 497 F.3d 1360, 1374 (Fed. Cir. 2007) (en banc)). Here, Plaintiff has alleged no facts to support a claim of post-suit willful infringement.

BWL's claims for willful infringement based on post-suit conduct should be dismissed.

## IV. BWL FAILS TO ADDRESS THE DEFICIENT DIRECT PATENT INFRINGEMENT ALLEGATIONS ON COUNTS 1, 2, 3, 4, 8, 10 AND 14

BWL's direct infringement claims as to 7 patents fail to include factual allegations to plausibly support a claim that the identified accused products infringe each limitation in at least one asserted claim. *See* D.I. 15 at 12-20. BWL effectively concedes this by filing a motion for leave to file a SAC "with even more factual support . . . se[tting] forth in the footnotes" how the SAC addresses the pleading deficiencies raised by Defendants. D.I. 23 at 1. BWL incorrectly claims it cures these defects in its SAC and raises the SAC in its argument in opposition. Defendants address BWL's SAC in its opposition to BWL's motion for leave to amend.

BWL also mischaracterizes Defendants' argument. Defendants are not suggesting BWL "prove its case at the pleading stage." D.I. 23 at 2 (quoting *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1339 (Fed. Cir. 2012)). Defendants are simply seeking compliance with *Iqbal* and *Twombly*. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim under Rule 8. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Moreover, it is "*Form 18* and the Federal Rules of Civil Procedure [that] do not require a plaintiff to plead facts establishing that each element of an asserted claim is met." *In re Bill of Lading*, 681 F.3d at 1335 (emphasis added). BWL misquotes *In re Bill of Lading* by omitting this reference to Form 18. *See* D.I. 23 at 3. Thus, BWL's argument, in effect, asks the Court to re-invoke the now abrogated pleading standard. Former Rule 84 and Form 18 permitted BWL to

identify a product by the defendant and to allege that it infringes. With the abrogation of Form 18, BWL must plead facts. Bare conclusions, like those in BWL's FAC, are insufficient.

BWL's direct infringement allegations also lack merit. On Counts 1, 3, and 4, BWL does not dispute that the FAC references multiple products to allege infringement. *See* D.I. 23 at 4, 6-8. Thus, BWL fails to allege a single product meets every limitation of at least one claim. On Count 8, BWL merely parrots the claim language to allege infringement on a key limitation. *Id.* at 8-9. On Counts 2, 3, and 10, BWL argues that it needs access to Defendants' "secret" manufacturing processes to state a proper claim for infringement. *Id.* at 5, 6, 9. Defendants' position is not that BWL must allege non-public information, but that "[t]here needs to be *some facts* alleged that articulate *why it is plausible* that the other party's product infringes that patent claim – not just the patentee asserting, in conclusory fashion, that it is so." *N. Star Innovations, Inc. v. Micron Tech., Inc.*, No. 17-506-LPS-CJB, 2017 WL 5501489, at *2 (D. Del. Nov. 16, 2017) (emphasis in original). On Count 14, BWL challenges Defendants' arguments absent in its brief and invokes claim construction as an issue where none exists.[7]

Plaintiff improperly relies on *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277 (Fed. Cir. 2013). *See* D.I. 23 at 6, 9. In *K-Tech*, the Federal Circuit noted compliance with "[Form 18] effectively immunizes a claimant from attack regarding the sufficiency of the pleading." *K-Tech*, 714 F.3d at 1283. With the abrogation of Form 18, a complaint now must meet the *Iqbal/Twombly* standard for pleading direct infringement.

BWL does not address *Raindance Techs., Inc. v. 10x Genomics, Inc.*, No. 15-152-RGA,

---

[7] Plaintiff incorrectly contends that "Defendants challenge Count 14 based on the 'printed circuit board' element in a separate communication because the accused product is allegedly mounted on a ceramic substrate, not a 'printed circuit board.'" D.I. 23 at 10. Defendants only argue that there are no allegations that the accused product includes a "printed circuit board." D.I. 15 at 20.

2016 WL 927143, at *1, *2 (D. Del. Mar. 4, 2016). In *Raindance*, the patentee: (i) alleged that defendant sold the accused products; (ii) "quote[d] various things that Defendant says . . . on its website"; and (iii) included "some diagrams and pictures." *Id.* at *1. The Court found these allegations to be "haz[y]," involving "quite a bit of supposition," and dismissed the complaint. *Id.* at *2. The reasoning in *Raindance* favors granting Defendants' motion to dismiss.

BWL also does not address *SIPCO, LLC v. Streetline, Inc.*, 230 F. Supp. 3d 351, 353 (D. Del. 2017). The FAC here shares the same defects as the complaint in SIPCO: "[BWL] makes two factual allegations. One, here are [] patents we own. Two, you sell some products, which we have identified." *Id.* Here, as in SIPCO, "[t]his is insufficient to plausibly allege patent infringement." *Id.*

## V. CONCLUSION

For the reasons set forth above, Counts 1, 2, 3, 4, 8, 10, and 14 for direct infringement and all Counts for indirect and willful infringement in BWL's complaint should be dismissed.

OF COUNSEL:
Srikanth K. Reddy
GOODWIN PROCTER LLP
100 Northern Avenue
Boston, MA 02210
(617) 570-1209

Neel Chatterjee
GOODWIN PROCTER LLP
601 Marshall Street
Redwood City, CA 94063
(650) 752-3100

Dated: July 17, 2019

*/s/ Nathan R. Hoeschen*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
David M. Fry (No. 5486)
Nathan R. Hoeschen (No. 6232)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
nhoeschen@shawkeller.com
*Attorneys for Defendants*

# CERTIFICATE OF SERVICE

I, Nathan R. Hoeschen, hereby certify that on July 17, 2019, this document was served on the persons listed below in the manner indicated:

**BY EMAIL**

Eric J. Evain (No. 3729)
Edward M. Lilly (No. 3967)
GRANT & EISENHOFER P.A.
123 Justison Street
Wilmington, DE 19801
(302) 622-7000
eevain@gelaw.com
elilly@gelaw.com

William M. Parrish
Henning Schmidt
Victor G. Hardy
HARDY PARRISH YANG, LLP
Spicewood Business Center
4412 Spicewood Springs Rd., Suite 202
Austin, TX 78759
bparrish@hpylegal.com
hschmidt@hpylegal.com
vhardy@hpylegal.com

*/s/ Nathan R. Hoeschen*
John W. Shaw (No. 3362)
Karen E. Keller (No. 4489)
David M. Fry (No. 5486)
SHAW KELLER LLP
I.M. Pei Building
1105 North Market Street, 12th Floor
Wilmington, DE 19801
(302) 298-0700
jshaw@shawkeller.com
kkeller@shawkeller.com
dfry@shawkeller.com
*Attorneys for Defendants*