# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| BENCH WALK LIGHTING LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 18-1732-RGA |
| § | |
| OSRAM SYLVANIA, INC.; OSRAM § | |
| LICHT AG; OSRAM GMBH; OSRAM § | |
| OPTO SEMICONDUCTORS GMBH § | |
| & CO.; OSRAM OPTO § | |
| SEMICONDUCTORS, INC.; § | |
| LEDVANCE GMBH; LEDVANCE LLC; § | |
| LED ENGINE, INC., § | |
| § | |
| Defendants. § | |

**PLAINTIFF BENCH WALK LIGHTING'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT**

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ....................................................................................................... ii

ABBREVIATIONS, EXHIBITS AND DOCKET REFERENCES ............................................. iv

I. INTRODUCTION ............................................................................................................ 1

II. THE PROPOSED SAC IS NOT FUTILE ....................................................................... 1

    A. THE SAC SUFFICIENTLY PLEADS DIRECT INFRINGEMENT OF COUNTS 1, 2, 3, 4, 9, 10, AND 14 ............................................................................................................ 1

    B. THE SAC DOES NOT EXPAND THE SCOPE OF BWL'S CLAIMS BEYOND THOSE ASSERTED IN THE FIRST AMENDED COMPLAINT ...................................................... 3

    C. THE SECOND AMENDED COMPLAINT SUFFICIENTLY PLEADS JOINT LIABILITY OF THE NAMED DEFENDANT ENTITIES ........................................................................ 5

    D. THE SAC SUFFICIENTLY PLEADS INDIRECT INFRINGEMENT ................................. 7

    E. THE SAC SUFFICIENTLY PLEADS WILLFUL INFRINGEMENT ................................. 8

III. CONCLUSION ................................................................................................................. 9

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Blue Spike, LLC v. Texas Instr., Inc.*,
   Nos. 12-499, 12-576, 2014 WL 11829328 (E.D. Tex., Dec. 22, 2014)......................5

*Disc Disease Solutions Inc. v. VGH Solutions, Inc.*
   888 F.3d 1256 (Fed. Cir. 2018) (recognizing the sufficiency of pleading
   accused products by name with attached photos) ..................................................1, 3

*Dole v. Arco Chem. Co.*,
   921 F.2d 484 (3rd Cir. 1990) ........................................................................................1

*Fairchild Semiconductor Corp. v. Power Intgr., Inc.*,
   935 F. Supp. 2d 772 (D. Del. 2013) .............................................................................8

*Foman v. Davis*,
   371 U.S. 178 (1962)......................................................................................................1

*Groove Digital, Inc. v. King.com, Ltd.*,
   No. 18-836-RGA, 2018 WL 6168615 (D. Del., Nov. 26, 2018) .............................6, 7

*K-Tech Telec., Inc. v. Time Warner Cable, Inc.*,
   714 F.3d 1277 (Fed. Cir. 2013).................................................................................2, 3

*Kyowa Hakka Bio, Co. Ltd. v. Ajinomoto Co. Inc.*,
   No. 17-313 2018 WL 834583 (D. Del. Feb. 12, 2018).................................................9

*M2M Solutions LLC v. Telit Communs. PLC*,
   No. 14-1103-RGA, 2015 WL 4640400 (D. Del. Aug. 5, 2015) ..............................6, 8

*Mfg. Res. Int'l. Inc. v. Civiq Smartscapes LLC*,
   No. 17-269-RGA (attached as Ex. B to Defendants' brief, D.I. 27).............................5

*Nalco Co. v. Chem-Mod, LLC*,
   883 F.3d 1337 (Fed. Cir. 2018).....................................................................................1

*Promos Techs., Inc. v. Samsung Elecs. Co. Ltd.*,
   No. 18-307-RGA, 2018 WL 5630585 (D. Del. Oct. 31, 2018) ....................................3

*Reiffin v. Microsoft Corp.*,
   270 F. Supp. 2d 1132 (N.D. Cal. 2003) .......................................................................4

*Rhodes Pharm. L.P. v. Indivior, Inc.*,
   No. 16-1308, 2018 WL 326405 (D. Del. Jan. 8, 2018) ................................................7

*Toshiba Corp. v. Imation Corp.*,
    681 F.3d 1358 (Fed. Cir. 2012)..................................................................................8

*Wi-lan Inc. v. Sharp Elecs. Corp.*,
    No. 15-379-LPS (D. Del., Sep. 22, 2017) (attached as Ex. A to Defendants'
    brief, D.I. 27) ...........................................................................................................4

*Young v. City of Mount Ranier*,
    238 F.3d 567 (4th Cir. 2001) ...................................................................................4

**Other Authorities**

Fed.R.Civ.P. 15(a)..............................................................................................................1

Rule 8 ................................................................................................................................6

Rule 12(b)(6).....................................................................................................................3

# ABBREVIATIONS, EXHIBITS AND DOCKET REFERENCES

The docket entries corresponding to this Motion are:

- Plaintiff's Motion For Leave to File a Second Amended Complaint, **D.I. 24**

- Plaintiff's Opening Brief in Support, **D.I. 25**

- Defendants' Answering Brief in Opposition, **D.I. 27**

The proposed Second Amended Complaint ("SAC") is attached as Exhibit A to Plaintiff's Opening Brief. References appear as "**SAC**."

## I. INTRODUCTION

The Third Circuit directs that, under FED.R.CIV.P. 15(a), courts should favor liberal amendment of pleadings and grant leave to amend freely. *Dole v. Arco Chem. Co.*, 921 F.2d 484, 486-487 (3rd Cir. 1990). Factors to be weighed include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Defendants' opposition focuses exclusively on whether the proposed amendments are futile. Yet, the proposed Second Amended Complaint ("SAC") adds even further supporting information to an already detailed complaint and far exceeds the pleading requirements. Bench Walk Lighting ("BWL") respectfully submits that Defendants' opposition be rejected and BWL's motion be granted.

## II. THE PROPOSED SAC IS NOT FUTILE

### A. THE SAC SUFFICIENTLY PLEADS DIRECT INFRINGEMENT OF COUNTS 1, 2, 3, 4, 9, 10, AND 14

For Count 1, Defendants argue that the diagrams and photos in the SAC are not "factual details." BWL disagrees. The annotated diagrams and photographs in paragraphs 81-83, for example, show how the accused OSTAR Headlamp Pro meets every limitation of the claim. *Disc Disease Solutions Inc. v. VGH Solutions, Inc.* 888 F.3d 1256, 1260 (Fed. Cir. 2018) (recognizing the sufficiency of pleading accused products by name with attached photos).

For Count 2, Defendants complain that the SAC does not link the "photo-curable medium" limitation to the accused LZ1-00CW02 product. A recital of evidence however is not required for each and every limitation. *Nalco Co. v. Chem-Mod, LLC,* 883 F.3d 1337, 1350 (Fed. Cir. 2018). Nevertheless, paragraphs 112-113 of the SAC establishes that photo curing is the dominant technique for manufacturing LEDs having a phosphor layer and provides significant benefits to

the alternative of heat curing. Defendants are well aware of the curing time in their own manufacturing process and have sufficient information from the SAC to investigate BWL's claims of infringement. *K-Tech Telec., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1286 (Fed. Cir. 2013) ("A defendant cannot shield itself from a complaint for direct infringement by operating in such secrecy that the filing of a complaint itself is impossible.").

For Count 3, Defendants argue this Count does not suggest the step of "irradiating said dispensed mixture… in a time period that is less than the time period in which said phosphor particles settle wherein said time period is less than 1 second." (D.I. 27 at 10) As above, Defendants' secret manufacturing process is uniquely within their knowledge (*K-Tech*, 714 F.3d at 1286) and there is no need to provide evidence for every limitation. Indeed, paragraph 143 of the SAC, among others, establishes that irradiating a phosphor mixture is the dominant technique for manufacturing LEDs having a phosphor layer and provides Defendants sufficient notice.

For Count 4, Defendants argue, again, sufficiency of the evidence rather than adequacy of the notice pleading. The SAC cites Defendants' own technical information concerning related products that are identified in paragraph 167 of the SAC. This information shows the presence of the claim limitation. The details of Defendants' manufacturing process is proprietary and secret, thus pleading based on Defendants' publicly available materials is appropriate. *K-Tech*, 714 F.3d at 1286.

For Count 8, Defendants argue there is no allegation to suggest how a uniform rectangular pattern or rectangular illuminated image is obtained or that the OSLUX LED has a diffractive optical element. Paragraph 301 of the SAC however alleges the OSLUX LED lens is the claimed diffractive optical element and paragraph 302 includes an image of this diffractive optical lens (claim 1 requires a diffractive optical element that produces a rectangular radiation pattern, not

how the pattern is obtained). The final figure of paragraph 301 shows that Defendants' product emits a rectangular pattern through the product's lens, which is the claimed diffractive optical element.

For Count 10, Defendants argue there are no allegations to suggest the line of first leads is physically connected to the line of second leads with a rail. Yet paragraphs 356-358 of the SAC include images that precisely show a first lead, a second lead, and how the line of first leads is connected to the line of second leads with a rail. The physical structure depicted in the photos of the products establish these particular elements. To the extent this limitation implicates specific manufacturing processes, once again those processes are secret and within Defendants' control. *K-Tech*, 714 F.3d at 1286.

For Count 14, Defendants ignore the language of paragraph 495 of the SAC, which states "[t]he below image shows the metal traces on a substrate, which meets the printed circuit board element" and includes an image of the infringing printed circuit board. This image establishes the presence of a printed circuit board. *Disc Disease*, 888 F.3d at 1260.

**B.    THE SAC DOES NOT EXPAND THE SCOPE OF BWL'S CLAIMS BEYOND THOSE ASSERTED IN THE FIRST AMENDED COMPLAINT**

Defendants contend that BWL has "voluntarily dismissed" accused products (Def. Br. pp. 11-14, D.I. 27). Defendants are wrong. The SAC asserts infringement against the same accused products as in the first amended complaint and in the original complaint. *Promos Techs., Inc. v. Samsung Elecs. Co. Ltd.*, No. 18-307-RGA, 2018 WL 5630585, at *3 (D. Del. Oct. 31, 2018) ("Under *Twombly* and *Iqbal*, pleading an exemplary product is sufficient to satisfy Rule 12(b)(6)."). Defendants' argument is premised on the false notion that, if the original complaint identified a category of products, with an exemplary subset, and the first amended complaint identifies the same category but with a different exemplary subset, products not repeated somehow

are "voluntarily dismissed." Of course, that is contrary to the law that an amended pleading supersedes the original and renders it of no legal effect. *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) (citing authorities). And there is no statement by BWL to suggest it is dropping any of the accused products from this case, much less withdrawing infringement claims. Thus, Defendants must crop quotes and take holdings out of context to support this newly minted type of estoppel.

For example, Defendants' rely heavily on *Reiffin v. Microsoft Corp.*, 270 F. Supp. 2d 1132 (N.D. Cal. 2003). *Reiffin* is procedurally complicated but the portion relevant to the issues *sub judice* is the decision to deny the plaintiff's motion to file a second amended complaint. *Id*. at 1159-1162. That decision was not based on estoppel or preclusion, as Osram suggests, it was based on undue delay. And it is not surprising. The *Reiffin* plaintiff filed its original complaint alleging infringement by various Microsoft products, including one called "Windows CE." Two months later, the plaintiff amended the complaint and removed the allegations concerning Windows CE. <u>Four and a half years of litigation later, and over 400 docket entries into the case,</u> plaintiff requested leave to amend its complaint to add Windows CE back in. Defendants' reliance on *Reiffin* is at best, flat wrong, and at worst misleading. BWL has not acted with undue delay. This case is in its infancy and even Defendants did not and cannot identify any actual prejudice.

The remaining cases that Defendants pretend support its novel theory fare no better under scrutiny. In *Wi-lan Inc. v. Sharp Elecs. Corp.*, No. 15-379-LPS, (D. Del., Sep. 22, 2017) (attached as Ex. A to Defendants' brief, D.I. 27), Chief Judge Stark denied Wi-Lan's motion to dismiss infringement allegations without prejudice noting: the request came after the defendant served a counterclaim (the Osram Defendants have never filed a counterclaim); several months of litigation had occurred in the case; and Wi-Lan <u>represented to the Court</u> that it would seek dismissal <u>with</u>

4

prejudice. By contrast, BWL has made no such representation to this Court or to the Defendants that it intended to dismiss any claims, with or without prejudice.

Similarly misplaced is Defendants' reliance on *Blue Spike, LLC v. Texas Instr., Inc.*, Nos. 12-499, 12-576, 2014 WL 11829328, (E.D. Tex., Dec. 22, 2014). There, claims were dismissed "from this case" because the plaintiff had agreed "to file a stipulation to dismiss [defendant's product] from this lawsuit so that it could file a new lawsuit against [defendant's product], which it did", *Id*. at *4. BWL has never informed Defendants that it was withdrawing accused products from this case, and has certainly not filed a new complaint asserting infringement of the allegedly dropped accused products.

Finally, in *Mfg. Res. Int'l. Inc. v. Civiq Smartscapes LLC*, No. 17-269-RGA (attached as Ex. B to Defendants' brief, D.I. 27), the dispute before this Court was whether dismissal of certain patents should be with or without prejudice. The circumstances of that case are far different from those in the instant case. In *Mfg. Resources,* the motion arose after the defendant, Civiq, responded to 103 document requests, 77 requests for admission, 25 interrogatories, as well as several supplemental responses. Civiq produced documents, including the core technical documents, submitted to an inspection of the accused products and presented two witnesses for deposition, including a 30(b)(6) witness. *Mfg. Resources Int'l, Inc. v. Civiq Smartscapes*, No. 17-269-RGA (docket entry 71). No discovery of any kind has occurred in this litigation.

### C. THE SECOND AMENDED COMPLAINT SUFFICIENTLY PLEADS JOINT LIABILITY OF THE NAMED DEFENDANT ENTITIES

The SAC pleads more than sufficient facts to support multiple theories of liability for each of the Defendant entities. Defendants collectively operate as an indistinguishable group called the Osram Licht Group (SAC ¶¶ 20-29), and they are controlled by the same Chief Operating Decision Maker ("CODM") (SAC ¶ 23). Defendants conduct business under a common name, are managed

centrally by OSRAM Licht AG, submit combined financial and management reports, share high-level officers, and present themselves as a unified single business entity (SAC at ¶¶ 46-57).

Contrary to Defendants' assertion, the SAC makes absolutely clear that <u>all</u> Defendants are accused of <u>all</u> the infringing acts, individually and jointly, over the relevant time period. Additionally, having held itself out to the public as a unified entity, it would be unjust to permit OSRAM to now assert a separate corporate structure to evade liability. As the Osram entities are all parent / subsidiaries and inextricably intertwined, the SAC satisfies Rule 8 as "it can be reasonably inferred that each and every allegation is made against each individual defendant." *Groove Digital, Inc. v. King.com, Ltd.,* No. 18-836-RGA, 2018 WL 6168615, at *1 (D. Del., Nov. 26, 2018) *quoting*, *Zond Inc. v. Fujitsu Semiconductor Ltd.*, 990 F.Supp.2d. 50, 53-54 (D. Mass, 2014).

Moreover, the SAC pleads sufficient facts to pierce the corporate veil of OSRAM Licht AG. It is well settled that infringement by related entities can also be alleged jointly under either a parent-subsidiary agency relationship, or a 'joint business enterprise' theory. For the former, "to state a claim 'based on an alleged parent-subsidiary relationship, a plaintiff would have to allege: (1) the existence of a parent/subsidiary relationship, and (2) facts that justify piercing the corporate veil.'" *M2M Solutions LLC v. Telit Communs. PLC*, No. 14-1103-RGA, 2015 WL 4640400, at *3 (D. Del. Aug. 5, 2015). The second condition may be satisfied by the "'existence of an agency relationship between the entities where the parent effectively controls the conduct of the subsidiary.'" *Id*. Each of the defendant entities is a subsidiary of OSRAM Licht AG, and their "operating activities" are subject to the central management and control of OSRAM Licht AG, including specifically the activities that infringe BWL's patents. SAC at ¶¶ 23-24, 57.

### D. THE SAC SUFFICIENTLY PLEADS INDIRECT INFRINGEMENT

BWL's contributory infringement allegations are sufficient. To plead contributory infringement, BWL must allege that Defendants were aware of the patent, sold products especially made for infringing use, they knew of the infringing use, the products had no substantial noninfringing use, and that there was direct infringement. *Groove Digital,* 2018 WL 6168615, at *2.

For Counts 1-8 and 10-12, Defendants knew of the patents and of the infringing uses prior to the filing of the complaint (SAC ¶¶ 87, 115, 145, 177, 210, 244, 275, 306, 364, 396, 430). For the three remaining Counts, 9, 13 and 14 (SAC ¶¶ 335, 466, 497), "knowledge of the patent and of infringing use are sufficiently established by the filing of the complaint." *Groove Digital,* 2018 WL 6168615, at *3.

Further, the SAC clearly establishes direct infringement by third parties. The SAC describes at least 14 products (or products made by infringing processes) that, when used by Defendants' customers in the United States, constitute a direct infringement of each of the 14 patents. In each instance, BWL alleges that Defendants provide data sheets, technical guides, demonstrations, software and hardware specifications, installation guides, application notes, and other forms of support that induce their customers and/or end users to directly infringe BWL's patents, and that users will necessarily infringe when using these products in their intended way as described in Defendants' documentation. The SAC also alleges that "the accused products… are not suitable for substantial non-infringing use and… are especially made or especially adapted for use by its customers in [an infringing manner]" (SAC ¶¶ 95, 123, 153, 185, 218, 252, 283, 314, 339, 372, 404, 438, 470, 501). *Rhodes Pharm. L.P. v. Indivior, Inc.*, No. 16-1308, 2018 WL 326405, at *9 (D. Del. Jan. 8, 2018) ("A simple allegation that the product at issue is not suitable

7

for substantial non-infringing use is generally sufficient to satisfy the pleading requirements of *Twombly* and *Iqbal*.").

Likewise, BWL's inducement allegations are sufficient. The elements of induced infringement are "direct infringement, and that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement." *Toshiba Corp. v. Imation Corp.*, 681 F.3d 1358, 1363 (Fed. Cir. 2012) (internal quotations and citations omitted). BWL need not identify the specific direct infringer, but is only required to plead facts sufficient to infer that at least one direct infringer exists. *Fairchild Semiconductor Corp. v. Power Intgr., Inc.*, 935 F. Supp. 2d 772, n.6 (D. Del. 2013). BWL also alleges that despite knowledge of its patents, Defendants continued to encourage their customers' infringing use of the Accused Products (SAC ¶¶ 96, 124, 154, 186, 219, 253, 284, 315, 340, 373, 405, 439, 471, 502). Defendants' knowledge that use of the Accused Products constitutes infringement and their continued encouragement of such use is also sufficient to infer that Defendants had specific intent to induce infringement. *M2M*, 2015 WL 4640400, at *4 (specific intent was properly alleged through "general allegations of Defendants publishing manuals and promotional literature") (internal quotation omitted). Finally, the identification of Defendants' technical materials and data sheets (*e.g.*, SAC ¶ 77) shows specific documents that the Defendants' provide which confirm the specifications of Defendants' products and that its customers and others who purchase and use those products directly infringe BWL's patents.

E.  **THE SAC SUFFICIENTLY PLEADS WILLFUL INFRINGEMENT**

Defendants' opposition simply ignores critical allegations in the SAC that establish their knowledge of the patents. For Counts 1-8 and 10-12, BWL alleges that after Defendants were originally sued for infringement on the Avago patents, they would/should have investigated the entire patent portfolio—not just half of it (SAC ¶¶ 89, 117, 147, 179, 212, 246, 277, 308, 366, 398,

8

432). Defendants knew of the patents and of the infringing uses prior to the filing of the complaint (SAC ¶¶ 87, 115, 145, 177, 210, 244, 275, 306, 364, 396, 430). While Defendants' dispute this point, that goes to the weight of the evidence, not the sufficiency of the pleadings. For the remaining Counts, 9, 13 and 14, BWL alleges post-filing knowledge (SAC ¶¶ 335, 466, 497). These averments are sufficient for notice pleading. *Kyowa Hakka Bio, Co. Ltd. v. Ajinomoto Co. Inc.*, No. 17-313 2018 WL 834583, at *13 (D. Del. Feb. 12, 2018) (a claim for willful infringement is stated when the complaint "permits an inference that the defendant was on notice of the potential infringement and still continued its infringement"). A motion to dismiss is not the proper vehicle for Defendants to attempt to answer these allegations.

### III. CONCLUSION

For at least the reasons stated above and in BWL's Opening Memorandum, BWL respectfully requests that its motion for leave to file the SAC should be granted.

Dated: July 24, 2019

**OF COUNSEL:**

William M. Parrish (*Pro Hac Vice*)
Henning Schmidt (*Pro Hac Vice*)
**HARDY PARRISH YANG, LLP**
Spicewood Business Center
4412 Spicewood Springs Rd., Suite 202
Austin, Texas 78759
BParrish@hpylegal.com
HSchmidt@hpylegal.com

Respectfully Submitted,

*/s/ Eric J. Evain*
Eric J. Evain (# 3729)
Kimberly A. Evans (# 5888)
Edward M. Lilly (# 3967)
**GRANT & EISENHOFER P.A.**
123 Justison Street
Wilmington, DE 19801
Tel: 302-622-7000
Fax: 302-622-7100
eevain@gelaw.com
elilly@gelaw.com

*Attorneys for Plaintiff Bench Walk Lighting LLC*